Wilmer S. LUCAS, Petitioner,

v.

COMMONWEALTH OF VIRGINIA, CIRCUIT COURT OF PAGE COUNTY, TWENTY–SIXTH JUDICIAL CIRCUIT, Respondents.

Civ. A. No. 74–C–82–H.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Oct. 31, 1974.

James W. Hopper, Asst. Atty. Gen., Richmond, Va., for respondents.

## OPINION and JUDGMENT

DALTON, District Judge.

In this action, Wilmer S. Lucas, a state prisoner serving a 20 year sentence at the Virginia State Farm, has petitioned *pro se* this court to order that the state furnish him with a free copy of his court records and trial transcript. This court has treated this petition as a motion for injunctive relief pursuant to 42 U.S.C. § 1983. Jurisdiction vests in this court pursuant to 28 U.S.C. § 1343.

In support of his demand for a transcript, the plaintiff has alleged the following:

"He did show a particularized need for such records in view of the fact his case of 1968 was never appealed, that in view of new evidence he is not satisfied with the decision of 1968, and that he was in fact sentenced to a term of twenty years for what was an accident, a point which he can now prove if proper consideration for the records and other points are made available to him."

Plaintiff goes on to state:

"Petitioner [plaintiff] is fully convinced that the very reason that his transcript has been denied him is because such might reveal points which would establish grounds to reverse his case, that it might reveal or bring to light not only errors, but perjury, perjured testimony or other points favorable to petitioner."

It is settled in this circuit that an indigent is not entitled to a transcript at government expense with-

out a showing of need. The desire to comb the record in the hope of discovering some flaw does not demonstrate such need. United States v. Glass, 317 F.2d 200 (4th Cir. 1963); Jones v. Superintendent, 460 F.2d 150 (4th Cir. 1972), cert. denied 410 U.S. 944, 93 S.Ct. 1380, 35 L.Ed.2d 611 (1973). Plaintiff's complaint fails to state sufficient need to justify requiring the production of a free transcript. He does not state specific errors at trial that would constitute grounds for relief. Rather, the plaintiff wishes to examine the trial transcript in the hope that "it might reveal or bring to light . . . points favorable to petitioner." This kind of unfocused collateral attack is precisely what the rule adopted by this circuit was designed to prevent. Plaintiff's request for a copy of the records and trial transcript is therefore denied. This ruling, however, does not prevent the plaintiff from filing another complaint that satisfies the required showing of need. Should the plaintiff do so, the court advises the plaintiff that the requirements for showing need were stated in Bozeman v. United States, 354 F.Supp. 1262 at 1264 (E.D.Va.1973) as follows:

1. The party seeking relief must state a claim of constitutional dimension. This in turn requires that said claim is neither frivolous on its face nor rendered moot under the law by other applicable doctrines (e. g. "harmless error" or waiver).

2. The party must specify with sufficient clarity those portions of the proceedings questioned in order that an initial determination of relevance can be made by the Court.

■ As an alternate ground for dismissal, defendant asserts that this petition should be treated as one for a writ of habeas corpus and that since the plaintiff has not exhausted his state remedies with respect to his claim, this petition should be dismissed. This contention was rejected by the U. S. Court of Appeals for the Fourth Circuit in *Jones, supra*. This court has therefore properly treated plaintiff's petition under the Civil Rights Act, 42 U.S.C. § 1983.

■ Subsequent to this court's consideration of this case, plaintiff attempted to correct the deficiencies of his earlier pleadings by filing a "Motion in Opposition". In this motion, the plaintiff claims that he was denied effective assistance of counsel in that he was never informed that he was charged with first degree murder and that his counsel advised him not to appeal. He further states that his conviction was obtained through perjured testimony. Although these allegations state possible constitutional violations, no specific reference is made to those supportive portions of the transcript. Indeed, support for these claims would issue from sources outside the record. The court knows however that these contentions may be asserted in a petition for a writ of habeas corpus. To facilitate plaintiff's filing of such a petition, based on his most recent filing, this court has provided plaintiff with the necessary forms and instructions. Plaintiff is hereby given leave to file such a petition in forma pauperis, without the payment of costs. Upon plaintiff's filing of this petition with this court, this court shall require the named respondent to answer. By disposing of plaintiff's request for a transcript in this manner, this court believes the interests of all parties will be protected. Dangerous precedent authorizing free state court transcripts to those who have failed to make the required showing is avoided. Yet since the transcript of the state court trial will be available for this court's inspection in a habeas corpus proceeding, this court will be in a position to remedy any constitutional deprivations asserted and suffered by the plaintiff.

For the above reasons, defendant's motion to dismiss is granted and this case is dismissed. The plaintiff is advised that he may appeal this decision to the U. S. Court of Appeals for the Fourth Circuit within thirty (30) days from the date of this judgment.