THE STATE OF OHIO, APPELLEE, *v.* PETERSON, APPELLANT.

[Cite as State v. Peterson (1976), 46 Ohio St. 2d 425.]

(No. 75-350—Decided June 23, 1976.)

426

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Howard B. Maniker,* for appellee.

Messrs. Henkin & Seewald and Mr. J. Gary Seewald, for appellant.

PAUL W. BROWN, J. The question presented is whether an indigent criminal defendant is entitled to a free transcript of a co-defendant's prior trial, to aid in the conduct of his own defense to an identical indictment.

In Griffin v. Illinois (1956), 351 U. S. 12,[1] the United States Supreme Court held that an indigent defendant is constitutionally entitled to a free transcript of his trial, or an adequate alternative thereto, when that transcript or alternative is essential to an effective appeal from his conviction. The court in Griffin was faced with an Illinois rule which allowed a convicted criminal defendant to present claims of trial error on appeal only if a transcript of the testimony adduced at trial was procured. Justice Black, writing for four members of the court, stated:

"Counsel for Illinois concedes that these petitioners needed a transcript in order to get adequate appellate review of their alleged trial errors. [Id., at page 16.]

"* * * *

"* * * [T]o deny adequate review to the poor means that many of them may lose their life, liberty or property because of unjust convictions which appellate courts would set aside. Many States have recognized this and provided aid for convicted defendants who have a right to appeal and need a transcript but are unable to pay for it. A few have not. Such a denial is a misfit in a country dedicated to affording equal justice to all and special privileges to none in its administration of its criminal law. * * * [Id., at page 19.]

"* * * We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court [of Illinois] may find other means of affording adequate and effective appellate review to indigent defendants." Id., at page 20.

---

[1] See, also, Eskridge v. Washington Prison Board (1958), 357 U. S. 214, and Draper v. Washington (1963), 372 U. S. 487.

Subsequently, in *Williams* v. *Oklahoma City* (1969), 395 U. S. 458 (and *Mayer* v. *Chicago, infra*), the Supreme Court reversed state court decisions which made free transcripts available to indigents upon appeal from felony convictions, but denied those transcripts upon appeal from misdemeanor convictions. In *Lane* v. *Brown* (1963), 372 U. S. 477, and *Long* v. *District Court of Iowa* (1966), 385 U. S. 192, the court applied the *Griffin* principle to transcripts of habeas corpus proceedings, where those transcripts were deemed essential to effective direct appeals from initial proceedings in habeas corpus. In *Roberts* v. *LaVallee* (1967), 389 U. S. 40, the court found meritorious an indigent's claim to a transcript of his own preliminary hearing. See *State* v. *Arrington* (1975), 42 Ohio St. 2d 114.[2]

More recently, the Supreme Court has placed emphasis upon judicial and extrajudicial alternatives to the free transcript. In *Wade* v. *Wilson* (1970), 396 U. S. 282, 286, the court refused to decide whether "a state [must] furnish an indigent state prisoner free of cost a *trial* transcript to aid him to prepare a petition for *collateral relief*," requiring instead that petitioner seek to borrow a copy of the requested transcript from state authorities, his co-defendant, or some other custodian of a copy. (Emphasis added.) In *Mayer* v. *Chicago* (1971), 404 U. S. 189, the court rejected, upon a motion by an indigent for a transcript of his trial for use on direct appeal, a statutory distinction between felonies and nonfelonies, but remanded the cause to the Supreme Court of Illinois for consideration of alternatives to a complete transcript. In *Britt* v. *North Carolina* (1971), 404 U. S. 226, the court accepted petitioner's assertion that a transcript of a prior mis-

---

[2]See, also, *Gardner* v. *California* (1969), 393 U. S. 367. Under California law, no appeal may be taken from the denial of an initial petition in habeas corpus. However, a new petition may be filed in the Court of Appeals, or Supreme Court, if accompanied by a statement of proceedings of any prior application for such relief. In *Gardner*, the court required a full transcription of an initial habeas corpus proceeding be made available for such purpose.

trial would be of value upon retrial, but affirmed, nevertheless, a state court decision which denied that claim. The court stated, at pages 229-230:

"* * * The trials of this case took place in a small town where, according to petitioner's counsel, the court reporter was a good friend of all the local lawyers and was reporting the second trial. It appears that the reporter would at any time have read back to counsel his notes of the mistrial, well in advance of the second trial, if counsel had simply made an informal request.

"* * * [P]etitioner has conceded that he had available an informal alternative which appears to be substantially equivalent to a transcript."

*Mayer* and *Britt* delineate two factors relevant to a determination of an indigent's need for a transcript of a prior proceeding: "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *Britt*, at page 227. Once an indigent defendant has "[made] out a colorable need for a complete transcript, the burden is on the state to show that only a portion of the transcript or an 'alternative' will suffice * * *." *Mayer*, at page 195. "* * * Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of a particular case. * * * [E]ven in the absence of specific allegations, it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways * * *." *Britt*, at page 228.

*Mayer* and *Britt* stand for the proposition that once an indigent defendant has made a colorable, as opposed to a particularized, showing that a complete or partial transcript of a prior proceeding is of value, the state must demonstrate that an available alternative device will provide substantially the same information, and serve substantially the same function, as a transcript. As we have indicated, the Supreme Court has applied this principle

to a request for a trial transcript to be used upon appeal as of right from a criminal conviction; to a request for a transcript of a habeas corpus proceeding, to be used upon appeal as of right from that proceeding; and to requests for transcripts of preliminary hearings and mistrials.

The Supreme Court has not, however, applied the requirements of *Mayer* and *Britt* to a motion by an indigent for a transcript of his original trial, to aid the indigent in preparing a petition for postconviction relief. See *Wade* v. *Wilson, supra.* Nor has the court extended *Mayer* and *Britt* to cover a prior proceeding, such as the prior trial of a co-defendant, outside the chain of a defendant's own trial and appeal. In fact, numerous federal court decisions have specifically declined to so extend *Mayer* and *Britt*, requiring instead that an indigent defendant show a "particularized need" for a requested transcript. *Lucas* v. *Virginia* (W. D. Va. 1974), 387 F. Supp. 370 (transcript of trial requested for use in preparation of petition for postconviction relief); *United States* v. *Banks* (M. D. Pa. 1974), 369 F. Supp. 951 (transcript of trial requested for use in framing motion for new trial); *Bozeman* v. *United States* (E. D. Va. 1973), 354 F. Supp. 262 (transcript of trial requested for use in preparation of petition for postconviction relief); *Ellis* v. *Maine* (C. A. 1, 1971), 448 F. 2d 1325 (transcript of trial requested for use in preparation of petition for postconviction relief); *Bentley* v. *United States* (C. A. 6, 1970), 431 F. 2d 250, certiorari denied, 401 U. S. 920 (transcript of trial requested for use in preparation of petition for postconviction relief); *United States* v. *Carella* (C. A. 2, 1969), 411 F. 2d 729, certiorari denied, 396 U. S. 860 (transcript of trial requested for use in preparation of petition for postconviction relief). Only when a federal appellate court *departed* from this standard of "particularized need" did the Supreme Court grant certiorari. *MacCollom* v. *United States* (C. A. 9, 1974), 511 F. 2d 1116, certiorari granted (1975), U. S. , 46 L. Ed. 2d 38.

In a 1974 decision, *Ross* v. *Moffitt* (1974), 417 U. S. 600, the high court refused to extend the constitutional require-

ment that an indigent be provided appointed counsel upon a direct appeal from a criminal conviction, *Douglas* v. *California* (1963), 372 U. S. 353, to subsequent discretionary state appeals, and to petitions for review addressed to the United States Supreme Court. Justice Rehnquist, writing for the majority, rejected both the petitioner's due process and equal protection claims:

"[W]hile no one would agree that the state may simply dispense with the trial stage of proceedings without a criminal defendant's consent, it is clear that the state need not provide any appeal at all. [Citation omitted.] The fact that an appeal *has* been provided does not automatically mean that a state then acts unfairly by refusing to provide counsel to indigent defendants at every stage of the way. *Douglas* v. *California, supra*. Unfairness results only if indigents are singled out by the state and denied meaningful access to that system because of their poverty. [*Ross*, at page 611.]

"* * * *

"[Moreover], the fact that a particular service might be of benefit to an indigent defendant does not mean that the service is constitutionally required. The duty of the state under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process." *Id.*, at page 616.

Applying all the foregoing principles to the facts presented by this cause, we conclude that the appellant is not entitled to a free copy of the transcript which he requests. Appellant asserts that he needs that transcript to provide "the scenario of the alleged crime," and to facilitate the impeachment of prosecution witnesses. We remain unconvinced, however, that the transcript which appellant seeks is necessary, or would even be helpful, to his defense. The facts presented by the *Turner* case, and by this case, are few. In *Turner*, two eyewitnesses identified Turner as one

of three criminals. In this case, the same two eyewitnesses identified appellant as another of those three criminals.

The fact is that appellant received indictment by grand jury, and trial by jury. He was defended at trial by court-appointed counsel, which counsel also represented him upon direct appeal to the Court of Appeals, and upon subsequent discretionary appeal to this court. Appellant has been furnished a free transcript of his trial to assist conduct of those appeals. Appellant has had opportunity to invoke numerous means of discovery, and to confront, and cross-examine, the witnesses against him. Appellant has received, in short, every substantive and procedural guarantee which the Constitution requires, and which our legal system affords. To require him to delineate with greater particularity the way or ways in which the requested transcript might be of value to him would not, in our judgment, deny him "meaningful access" to our legal system, or an "adequate opportunity to present his claim" of innocence.[3]

Moreover, upon this record, by appellant's implicit admission, available alternative devices were more than adequate to "fulfill the same functions as a transcript." Britt, supra (404 U. S. 226), at page 227. Those alternative devices included:

1. A bill of particulars "setting up specifically the nature of the offense charged and of the conduct of [the] defendant alleged to constitute the offense." Crim. R. 7(E).

Pursuant to the rule, a bill of particulars must be furnished by the prosecutor upon timely request. The record herein discloses that no such motion was filed by the appellant.

2. An evidentiary hearing pursuant to a motion to suppress identification testimony.

---

[3]We note that the Turner transcript was filed in the Court of Appeals for Cuyahoga County, as a part of the record in Turner's appeal from his conviction, on November 26, 1973. Since that date, the Turner transcript has been accessible to appellant Peterson. Nevertheless, appellant still cannot demonstrate even one specific way in which that transcript would have been of value to the conduct of his defense.

Crim. R. 12(B)(3) provides for a motion to suppress identification testimony, on the ground that said identification was illegally obtained. Such a motion "shall be timely determined before trial." Crim. R. 12(E). At the pretrial hearing on a motion to suppress, a defendant is able to ascertain the circumstances surrounding each prior identification, and perhaps have opportunity to question identification witnesses.

3. Discovery. The discovery provisions of Crim. R. 16 are both comprehensive, and, upon proper motion, mandatory. Crim. R. 16(A) states, in part, "Upon written request each party *shall forthwith provide* the discovery herein allowed." (Emphasis added.)

Pursuant to Crim. R. 16, a criminal defendant may obtain specified written or recorded statements, or summaries thereof, made by the defendant or a co-defendant; the recorded testimony of the defendant or a co-defendant before a grand jury; a copy of the defendant's prior criminal record; the right to copy and photograph, or inspect, documents and tangible objects which are material to preparation of the defense, or which are intended for use by the prosecuting attorney as evidence at trial, or which were obtained from or belong to the defendant; and the right to copy and photograph, or inspect, physical or mental examinations, or scientific tests or experiments.

Three other subsections of Crim. R. 16 are of particular importance.

Under Crim. R. 16(B)(1)(e), a defendant may obtain "a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness * * *." By invoking this subsection, as the appellant did herein, counsel has opportunity to contact, and interview, prospective prosecution witnesses.

Under Crim. R. 16(B)(1)(f), upon proper motion, the prosecuting attorney shall "disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant

and material either to guilt or punishment." The ambit of this rule is broad. It requires the disclosure of *all evidence* known by the prosecuting attorney which is favorable to the accused, including evidence adduced at a prior trial of a co-defendant. Upon disclosure of such evidence, a defendant might bolster his motion for a transcript of the co-defendant's prior trial, by delineating with particularity its value to him. The fact that no such disclosure was made by the prosecutor in this cause is a further indication that the *Turner* transcript is of no value to the appellant.

Under Crim. R. 16(B)(1)(g), a defendant may, upon completion of a witness' direct examination at trial, move the court to "conduct an in camera inspection of the witness' written or recorded prior statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.

"If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies."

The foregoing subsection, by its terms, includes *any* written or recorded prior statement within the possession of the prosecuting attorney, including the testimony of a witness at a prior trial.

The record in this cause does not disclose that counsel for the appellant filed even one motion pursuant to Crim. R. 16(B)(1)(g).

4. Counsel for the appellant stated, during oral argument in this court, that prior to filing his motion for a free transcript of the *Turner* trial, he contacted the clerk of the Court of Appeals for Cuyahoga County, to ascertain if a copy of the *Turner* transcript had been filed in that court in connection with an appeal from Turner's conviction. Counsel for appellant also stated during oral argument that he made an attempt to contact Turner's counsel, but was not successful. Counsel apparently did not con-

tact the trial court reporter.[4] Had counsel been more diligent in this regard, he would have been able to ascertain the precise status of the *Turner* transcript, and probably have had access to that transcript, because it was filed in the Court of Appeals, as a part of the record in Turner's appeal, on November 26, 1973, a mere seven days after the beginning of this appellant's trial.[5]

An alternative no more formal than this is constitutionally sufficient. See *Wade* v. *Wilson, supra; Britt* v. *North Carolina, supra.*

A pretrial motion by an indigent criminal defendant for a free transcript of a co-defendant's prior trial is properly overruled, where, as here, available alternative devices will provide substantially the same information, and serve substantially the same function, as the requested transcript.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

---

[4] Counsel's statements to the court upon this point are confusing and contradictory. We construe those statements in the light most favorable to appellant's cause.

[5] A free transcript of an indigent's trial is prepared by the reporter only upon journalization of an entry so ordering by the trial court.

The Chief Reporter of the Cuyahoga County Court of Common Pleas advises this court that, at the time of appellant's trial (November 1973), when a full transcript was completed by the reporter's office prior to the filing deadline in the Court of Appeals, it would be held by the reporter, and defense counsel notified. Defense counsel might then instruct the reporter to file the transcript in the Court of Appeals; might make use of the transcript at the reporter's office; or might himself take possession of the transcript, thereby assuming responsibility for its timely filing in the Court of Appeals.

The Chief Reporter further advises this court that, as portions of a transcript were completed, they were available, upon request, to counsel.