OPINION
Defendant-appellant Clinton Perdue appeals the decision of the Mahoning County Common Pleas Court which denied his motion for a new trial without ordering a transcript of a codefendant's trial and without reviewing the transcript from appellant's trial. For the following reasons, the trial court's decision is reversed and this cause is remanded with orders to partially grant appellant's motion for a transcript, to grant appellant's request for leave to file a delayed motion for a new trial based upon newly discovered evidence, to allow time for supplementation of appellant's motion for a new trial after the transcript is produced, and to then decide appellant's supplemented motion for a new trial after reviewing the relevant portions of the record.
In September 1998, two people were killed and one person was seriously wounded in a shooting at an apartment in Youngstown. Appellant was indicted for this incident. Also indicted were Guillaume Chism, Ira Bray and Gary Austin. Two of the state's main witnesses were Cassandra Fant, who was the owner of the apartment, and Bridgette Butler, who was Cassandra Fant's neighbor.
After his jury trial in 1990, appellant was convicted of two counts of aggravated murder, two counts of aggravated robbery and one count of attempted aggravated murder, all with firearm specifications. Appellant received two life sentences, two sentences of ten to twenty-five years, one sentence of seven to twenty-five years and five three-year sentences. This court affirmed appellant's conviction in State v. Perdue
(Dec. 30, 1993), Mahoning App. No. 90CA18, unreported,[1] discretionary appeal not allowed, (1994), 69 Ohio St.3d 1439.
In the meantime, Ira Bray pled guilty to his part in the shootings. Guillaume Chism was convicted by a jury for attempted aggravated murder and two counts of aggravated robbery but was acquitted of the two counts of aggravated murder. Gary Austin fled the state, avoiding apprehension for approximately ten years. In October 1998, he was finally tried for his part in the shootings. Ira Bray and Guillaume Chism testified, as did Cassandra Fant and Bridgette Butler. Thereafter, the jury acquitted Gary Austin of all charges.
On January 20, 1999, Guillaume Chism signed an affidavit stating that appellant was not involved in the shootings and that the responsible parties were himself, Ira Bray and Gene Davis, a person who was apparently interviewed by police and then released. On February 2, 1999, appellant filed a pro se motion for leave to file a delayed motion for a new trial pursuant to Crim.R. 33(B) on grounds of newly discovered evidence under Crim.R. 33(A)(6). Besides attaching the affidavit of Guillaume Chism, appellant claimed that the testimony of Cassandra Fant and Bridgette Butler was different at the Gary Austin trial than it was at appellant's trial. He alleged that they now placed Gene Davis outside the apartment with a gun which was the role they previously ascribed to appellant. He noted that he was unavoidably prevented from discovering such evidence because these witnesses did not change their testimony until Gary Austin's trial which occurred barely three months prior to the filing of this motion.[2]
On March 2, 1999, appellant filed a motion for production of the transcript of the Gary Austin trial at the state's expense. He noted that he was indigent and that the transcript was needed to support his pending motion for a new trial. This same day, appellant refiled his February 2 motion, adding as an attachment the affidavit of Ira Bray which was signed on February 12, 1999 and which corroborated the affidavit of Guillaume Chism. On March 31, 1999, the trial court overruled appellant's motion for a transcript.
On May 11, 1999, appellant filed a motion for a hearing on his pending motion for a new trial. He also repeated his request that a transcript of the Gary Austin trial be provided to him. On May 26, 1999, the trial court held:
 "The Defendant's motion for a new trial filed on May 11, 1999 is hereby overruled.
 The Defendant alleges in his motion that newly discovered evidence became available during the State v. Austin case. In support of his motion, the Defendant filed two affidavits from witnesses who testified in State v. Austin.
 Having presided over the State v. Austin case and having heard all of the evidence and observing the two witnesses, the Court finds that none of the six prongs necessary to grant a new trial, set out in Crim.R. 33 apply."
Appellant filed the within timely notice of appeal. Appellant initially complains that the court should not have denied his motion without first determining whether he was unavoidably prevented from discovering the grounds for the new trial earlier. Regardless, by denying his motion for a new trial on the merits, the court implicitly granted his motion for leave to file a delayed motion for a new trial and thus implicitly agreed that he was unavoidably prevented from discovering the evidence earlier that he now presents.
At the heart of the matter is appellant's contention that the court abused its discretion when it overruled his motion for a new trial after failing to order that a transcript of the Gary Austin trial be produced at the state's expense. The trial court's denial of a motion for a new trial shall not be reversed on appeal unless the court abused its discretion. State v. Hill (1992), 64 Ohio St.3d 313, 333; State v.Schiebel (1990), 55 Ohio St.3d 71, 76. An abuse of discretion involves an unreasonable, arbitrary or unconscionable exercise of power.
Admission to the crime by an alleged accomplice who was convicted nine years prior and changed testimony of other witnesses is viewed with suspicion and is strictly scrutinized by the trial court. State v.Bradley (1995), 101 Ohio App.3d 752, 758-759. Nonetheless, where newly discovered evidence is alleged to exist in the form of a witness changing his story from one trial to the next, the court is required to evaluate the testimony of the witness from both trials to determine which is believable and whether it would have materially affected the outcome of the trial. See, e.g., State v. Pirman (1994), 94 Ohio App.3d 203, 209. Appellant alleged that Cassandra Fant and Bridgette Butler changed their testimony from one trial to the next by placing a new perpetrator, Gene Davis, in the role in which they previously placed appellant. The court failed to review the testimony of these two witnesses from appellant's 1990 trial. The court also failed to review the testimony of these witnesses from Gary Austin's 1998 trial.
Rather, the court called upon its memory as the presiding judge at the Gary Austin trial when it stated that it heard all of the evidence and observed the two witnesses. Firstly, upon reading the court's judgment entry set forth above, it is apparent that the court is referring to Ira Bray and Guillaume Chism as the two witnesses that it remembers observing. The affidavits of these two witnesses are merely supporting pieces of appellant's argument for newly discovered evidence. He does not solely rely on the affidavits of his codefendants who claim his innocence. The thrust of appellant's argument is the altered testimony of Cassandra Fant and Bridgette Butler. For this reason, it appears that the court did not fully consider appellant's motion.
Moreover, a court cannot take judicial notice of factual events from prior proceedings in the court unless the prior proceedings are part of the case presently before it. Calex Corp. v. United Steelworkers ofAmerica (Mar. 22, 2000), Mahoning App. No. 98CA44, unreported, 7; Statev. Fox (June 3, 1999), Belmont App. No. 97BA55, unreported, 2. It is impossible for this court to review for an abuse of discretion on the merits of the motion for a new trial unless we have the relevant testimony before us. We cannot review a trial court's memory of a prior proceeding concerning a different defendant. Id. See, also, D BImmobilization Corp v. Dues (1997), 122 Ohio App.3d 51, 53; DiversifiedInvestors, Inc. v. Athens Cty. Bd. of Rev. (1982), 7 Ohio App.3d 157,159. We also point out that the court's memory was seven months old in a case where the focus was the culpability of Gary Austin rather than the culpability of appellant.
Further, a court should grant a movant's motion for a transcript of his codefendant's trial where the movant specifies a "particularized need" for the transcript and the state fails to mention the alternative devices that would adequately replace a transcript. State v. Peterson (1976),46 Ohio St.2d 425, 430-432. Appellant demonstrated a particularized need by alleging that two witnesses changed the identity of one of the perpetrators of the offense. Appellant cannot borrow the transcript of the Gary Austin trial from another source as Gary Austin was acquitted and a transcript was never generated. A reasonable alternative to producing an entire transcript of the Gary Austin trial is to merely produce the testimony of Cassandra Fant and Bridgette Butler.
For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded with instructions that the court order that the testimony of Cassandra Fant and Bridgette Butler from the Gary Austin trial be produced at the state's expense. After the transcript is produced, appellant should have time to review it and supplement his motion for a new trial with cites to the record of his transcript and the Gary Austin transcript. The court should then make a decision on the motion for a new trial after reviewing the testimony of the witnesses from both transcripts and considering the affidavits of appellant's two codefendants.
Donofrio, J., concurs, Waite, J., concurs.
[1] In Perdue, we noted that parts of Cassandra Fant's testimony were inconsistent; however, we refused to hold that the jury clearly lost its way as required for a reversal on weight of the evidence.
[2] Note that a motion for a new trial on grounds of newly discovered evidence must be filed within one hundred twenty days after the day of the verdict unless the defendant was unavoidably prevented from discovering the evidence. Also note that appellant filed his motion within one hundred twenty days from the date of Gary Austin's trial.