599 P.2d 808

**The STATE of Arizona, Appellee,**

v.

**David Eugene RAZINHA, Appellant.**

**No. 2 CA–CR 1631.**

Court of Appeals of Arizona,
Division 2.

May 15, 1979.

Rehearing Denied June 13, 1979.

Review Denied July 10, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Jessica L. Gifford, Asst. Attys. Gen., Phoenix, for appellee.

Dennis H. Gray, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of first degree arson and arson with intent to de-

fraud an insurer. He was committed by the trial judge to the custody of the Department of Corrections for not less than three nor more than five years on the first degree arson charge only. Appellant contends that the trial court erred (1) in not providing him at county expense a copy of the transcript of the trial of his step-father, (2) by allowing into evidence his admission that he committed the crime, (3) when it denied his motion for acquittal, and (4) when it allowed a state witness to refresh his recollection by reading from a transcript. We do not agree and affirm the conviction. Although it has not been raised by either party, the sentence by the trial judge was unauthorized. We shall discuss and correct it later in the opinion.

Appellant's step-father, Tom Harris, was charged with arson in the burning of the family home. In preparation for that trial, Harris' attorney interviewed appellant, who spontaneously told the attorney that he had set the fire and gave the attorney the details. The state learned of appellant's admission and made a motion in limine in Harris' trial alleging that if appellant were called to testify he would invoke the Fifth Amendment and Harris would then offer appellant's admission. The state contended that the admission should be excluded because it was not trustworthy. The trial court denied the motion and later, at the close of the state's case, granted Harris' motion for a directed verdict of acquittal on the ground of insufficient evidence. Appellant's trial counsel was present during the Harris trial and took notes.

The state then indicted appellant for the same crime. Approximately three weeks before trial, appellant filed a motion in limine asking the court to rule that his admission to Harris' attorney be excluded. He also requested a copy of the Harris trial transcript, at county expense, claiming he needed it to prepare his defense because (1) it contained statements by the prosecuting attorney, who was also going to prosecute appellant's case, that appellant's admission was untrustworthy, (2) there were a number of common witnesses and (3) it would show that Detective Smith testified in substance that the fire could not have started

as appellant had described in his admission to Harris' lawyer. The trial court denied both motions.

Harris' lawyer testified at appellant's trial that he had interviewed appellant to determine whether Harris had an alibi. During the course of the interview he asked appellant whether he knew anything about the fire. Appellant said that he did and told the lawyer that he had set it. He stated he spread a flammable liquid in the master bedroom and other portions of the house and then struck a match and threw it into the pool of flammable liquid in the master bedroom. According to appellant there was spontaneous ignition and a rapid acceleration of heat and air pressure, to the extent that he was almost thrown bodily from the room. He barely had a chance to get out of the bedroom.

Detective Smith, an arson expert, testified on direct examination that the fire was man-set and accelerated by flammable liquid, possibly in conjunction with a delay device. On cross-examination he was asked whether or not he had stated at the Harris trial that "in no way" could the fire have started as described by appellant to Harris' lawyer. Smith denied using those words in the Harris trial. He stated that although anything was possible, in his opinion it was not probable that appellant had started the fire in the manner he had described because, if he had, the chances were that he would have been killed or burned. It was Smith's opinion that a delay device of some kind was used and that the person who set the fire was not present in the bedroom when the ignition took place. Smith then explained that there are accidental delay devices, such as throwing a lighted match into a pool of gasoline or setting a lighted match on a dresser, which would ignite the gas fumes when they reached the flame.

After Det. Smith testified, appellant moved for a mistrial on the grounds that the court's denial of the Harris trial transcript denied him the opportunity to impeach Smith with his testimony from the previous trial.

Appellant then testified in his own behalf. He told the court and jury that the

statement he had given to Harris' attorney was a lie and that he had made it to protect his step-father.

The main point raised in this appeal is the failure to provide appellant with the transcript of the Harris trial, or, at the very least, a transcript of Smith's testimony.

In *State v. Tomlinson*, 121 Ariz. 313, 589 P.2d 1345 (App.1978), we followed the case of *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), holding that under the facts, Tomlinson was entitled to a free transcript of his prior trial and that the failure to provide it deprived him of equal protection under the Fourteenth Amendment to the United States Constitution. Does this holding apply to the transcript of the trial of a third person? In *Elliott v. Morford*, 557 F.2d 1228 (6th Cir. 1977), cert. den. 434 U.S. 1040, 98 S.Ct. 782, 54 L.Ed.2d 790, the court, without discussing *Britt*, held that there is no authority requiring that the state make available to an indigent defendant a transcript of the testimony at a third-party's trial. Other courts have come to the same conclusion. See *State v. Coe*, 223 Kan. 153, 574 P.2d 929 (1977); *State v. Cox*, 101 N.J.Super. 470, 244 A.2d 693 (1968); *State v. Peterson*, 46 Ohio St.2d 425, 349 N.E.2d 308 (1976).[1]

In *Britt* the Court stated there could be no doubt that the state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. The Court identified two factors relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought and (2) the availability of alternative devices that would fulfill the same functions as the transcript. *Britt* involved the request for a transcript of a prior mistrial. The Court held that in such cases the value to the defendant is presumed and no specific showing of need is necessary. It further held that the burden is on the state to show the availability of alternative devices and not upon the defendant to show their lack.

We do not believe a contention that the transcript of the trial of a third person is needed for an effective defense can be rejected out of hand merely by saying that no case has so held. Instead, the two-pronged test of necessity set forth in *Britt* must be applied to the facts. However, the first prong of the test, the value to the defendant, cannot be assumed as it was in *Britt*. There must be a showing of specific need. A mere showing that the prior trial was that of a co-defendant is not sufficient. *State v. Peterson*, supra, *State v. Cox*, supra. The reason for distinguishing between the *Britt* situation, a prior mistrial, and a situation analogous to the one here, a trial of a co-defendant, is that the witnesses may not be common. Even if they are, their testimony as to the co-defendant may differ greatly from their proposed testimony concerning the defendant's part in the crime, depending upon the circumstances of each case.

The specific need for the testimony of Det. Smith was shown. Allegedly, he had testified in the Harris trial that the fire could not have started as stated in appellant's admission to Harris' lawyer, which admission the state was going to use to prove appellant's guilt. Smith was going to testify at appellant's trial and the transcript was needed for impeachment purposes.

We conclude that the trial court erred in not providing appellant with the transcript of Det. Smith's testimony at the Harris trial. However, the question of whether there was any prejudice still remains. See *United States v. Bamberger*, 482 F.2d 166 (9th Cir. 1973), cert. den. 414 U.S. 1041, 94 S.Ct. 543, 38 L.Ed.2d 332.

It is appellant's contention that at the Harris trial Det. Smith testified there was no way this fire could have been started by someone touching a match to flammable liquid without that person being burned or killed. At appellant's trial Det. Smith testified that although it is possible that the fire started in that manner, in the sense that anything is possible, it is not probable and

---

1. These cases all involved a prior trial of a co-defendant.

in his opinion it was not started that way. We are unable to perceive any harm to appellant. Smith's testimony supported appellant's contention that his description of how he started the fire was untrue. Therefore, the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ Appellant also contends that the transcript was needed to show the arguments of the state's attorney at the Harris trial concerning the untrustworthiness of appellant's admission. We do not agree. The opinion of the prosecuting attorney in the Harris case, the same attorney who prosecuted appellant's case, as to the reliability of appellant's admission is wholly irrelevant, immaterial and incompetent.

Appellant contends the trial court erred in refusing to grant his motion to dismiss or, in the alternative, his motion in limine, wherein he sought to preclude the state from introducing into evidence the admissions he made to Harris' lawyer. He contends that the state was guilty of prosecutorial misconduct because it argued at the Harris trial that the admissions were untrustworthy and then used them in appellant's trial to convict him, thus denying him a fair trial. We do not agree.

■ The knowing use of perjury or false testimony by the prosecution is a denial of due process and is reversible error without the necessity of a showing of prejudice to the defendant. *State v. Ferrari*, 112 Ariz. 324, 541 P.2d 921 (1975). The essence of appellant's contention is as follows. The prosecuting attorney argued at the Harris trial that appellant's admissions were untrustworthy. Det. Smith, the arson expert, said the fire did not start in the manner described by appellant. Therefore, appellant did not start the fire and his admission was false. Appellant's argument is deductively invalid because one can equally deduce from the premises that appellant did in fact start the fire but in a manner different from that described to Harris' attorney.

■ Appellant also contends there was insufficient evidence to sustain a conviction for first degree arson and arson with intent to defraud an insurer. We need not concern ourselves with whether or not there was enough evidence to convict him of the latter offense since the trial court, pursuant to *State v. Scott*, 118 Ariz. 383, 576 P.2d 1383 (App.1978), did not enter a judgment of conviction for this offense. As for the conviction for first-degree arson, the evidence is sufficient. Appellant told Harris' attorney that he started the fire in the master bedroom and that he used flammable liquids to start it. This was confirmed by Det. Smith, who testified that in his opinion the fire was started in the master bedroom and flammable liquids were used as an accelerant. Appellant told an insurance company claims investigator that he was at a bar at the time the fire started and left the bar when his step-father found out there was a fire at the house. In truth, appellant was picked up by his step-father not far from the house shortly after the step-father found out that the house was on fire. The bartender admitted that she told an investigator from the county attorney's office that appellant had asked her to say he had been in the bar all night.

■ Appellant contends that the trial court should not have permitted the insurance claims adjuster to refresh his memory from an exhibit without first making a foundational showing that there was a need for the witness to refresh his memory. Appellant did object at trial, but his objection was on the grounds that the testimony of the witness was not the best evidence. The ground which he now raises on appeal was not urged before the trial court and he is therefore precluded from raising it. *State v. Long*, 119 Ariz. 327, 580 P.2d 1181 (1978).

■ As we initially noted, appellant was committed to the custody of the Department of Corrections for a term of not less than three nor more than five years. Under the old criminal code, which was in effect at the time appellant was sentenced, it is clear that if the trial court desired to imprison the defendant, its obvious intent here, imprisonment had to be in the Arizona State Prison. A.R.S. Sec. 41–1604(B)(2)(e) gave the Director of the State Department of Corrections the right to transfer adult inmates between adult institutions or adult facilities. But this did not mean that the

trial court had the authority to enter the judgment it did here. Even under Sec. 13–701(A) of the present criminal code, which provides for commitment to the custody of the department of corrections, the trial court must sentence the defendant to *imprisonment.*

The sentence is modified to show that appellant is sentenced to the Arizona State Prison for a term of not less than three nor more than five years, commencing June 17, 1978. The judgment and sentence as modified are affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.