609 P.2d 1055

STATE of Arizona, Appellee,

v.

Bruce Duane PORTER, Appellant.

No. 4417–PR–2.

Supreme Court of Arizona,
In Banc.

April 2, 1980.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Asst. Atty. Gen., Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellee.

Marshall D. Tandy, Tucson, for appellant.

GORDON, Justice:

Defendant Bruce Duane Porter challenges his conviction and sentence for armed robbery, a violation of A.R.S. § 13–641 and § 13–643 B, under the former Criminal Code, effective until October 1, 1978. Jurisdiction is established by A.R.S. § 12–120.23 and by 17A, A.R.S., Rules of Supreme Court, Rule 47(b). We affirm.

Defendant was originally indicted, tried by jury and convicted of armed robbery, Count I, and kidnapping while armed with a gun, Count II. He was sentenced to serve not less than five years nor more than thirty years in prison on Count I, and not less than twenty years nor more than twenty-one years on Count II. This Court reversed that judgment and sentence and remanded for a new trial. *State v. Porter,* 122 Ariz. 453, 595 P.2d 998 (1979).

Defendant subsequently entered a plea of guilty to Count I of the original indictment on September 6, 1979. Sentencing was then scheduled for September 18, 1979, but was later accelerated to and accomplished on September 13, 1979, in order to accommodate defendant's wish to attend his father's funeral on September 14, 1979.

In a brief comporting with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), defense counsel appeals the conviction and sentence of not less than five nor more than thirty years imprisonment. He raises, as the sole "arguable issue," a possible violation of the time periods for sentencing mandated by 17 A.R.S., Rules of Criminal Procedure, Rule 26.3(a), which states:

> "Upon a determination of guilt, the court shall set a date for sentencing. Sentence shall be pronounced not less than 15 nor more than 30 days after the determination of guilt unless the court, after advising the defendant of his right to a pre-sentence report, grants his request that sentence be pronounced earlier."

The record establishes that the original early sentencing date of September 18, 1978, was scheduled without defendant's valid waiver pursuant to Rule 26.3(a), because defendant was not advised of his right to a pre-sentence report. At the actual pronouncement of sentence on September 13, 1978, however, there was strict compliance with Rule 26.3(a). The trial judge informed defendant of his right to a written pre-sentence report. Defendant affirmatively waived that right, *State v. Garcia,* 112 Ariz. 363, 542 P.2d 22 (1975), and ex-

pressed his desire to proceed with sentencing. After hearing the oral updated report of defendant's Adult Probation Officer and after indicating his familiarity with the original pre-sentence report, the judge pronounced sentence. Accordingly, we find defense counsel's "arguable issue" wholly without merit.

Pursuant to the responsibility vested in this Court by A.R.S. § 13–4035(B), as interpreted by such cases as *State v. Rose*, 121 Ariz. 131, 589 P.2d 5 (1978), we have carefully examined the record for fundamental error. Finding none, we affirm the judgment and sentence of the trial court.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ.