634 P.2d 960

**STATE of Arizona, Appellee,**

v.

**Gilbert GUTIERREZ, Appellant.**

**No. 5102.**

Supreme Court of Arizona,
In Banc.

Sept. 29, 1981.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Phoenix, Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Ross P. Lee, Maricopa County Public Defender, J. D. Howe, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Appellant Gilbert Gutierrez was convicted of aggravated assault in violation of A.R.S. § 13–1204. Because appellant committed the assault with a knife, a deadly weapon or dangerous instrument under A.R.S. § 13–1204(A)(2), the crime was a class 3 felony. The jury also found that this was an A.R.S. § 13–604(G) dangerous nature assault in that serious physical injury was intentionally or knowingly inflicted on the victim.

Under A.R.S. §§ 13–604(G) and 13–701(B)(2), the range of the possible sentence was five to fifteen years imprisonment. The trial court found an aggravating cir-

cumstance, pursuant to A.R.S. § 13–702(D)(1), because of the infliction of serious physical injury and gave appellant a ten-year sentence.

On appeal, appellant challenges the use of the dangerous nature of the crime to require mandatory imprisonment under A.R.S. § 13–604 and to aggravate his punishment under A.R.S. § 13–702. Both appellant and appellee have pointed out technical errors in appellant's sentence. Taking jurisdiction pursuant to A.R.S. Const. Art. 6, § 5(3), and Rule 47(e)(5) of the Rules of the Supreme Court, we affirm the judgment but modify the sentence to correct the technical errors.

## ENHANCED PUNISHMENT

■ Appellant urges us to find error in the use of the serious physical injury to mandate imprisonment under A.R.S. § 13–604(G) and to aggravate his sentence under A.R.S. § 13–702(D)(1). Subsequent to the filing of the briefs in the instant case, this Court decided *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980). Although *Bly* dealt with a deadly weapon in an armed robbery case rather than serious physical injury in an aggravated assault case, the issues are similar, and we find the reasoning of *Bly* controlling.

Against double jeopardy and double punishment challenges, we upheld in *Bly* the use of a deadly weapon to change robbery to armed robbery, to define the range of sentence, and to determine whether to impose the presumptive or an aggravated sentence. We said:

"If the presence of a deadly weapon, as an element of the crime or otherwise, moves the legislature to impose more severe punishment for the offense, we must abide by the legislative determination. *State v. Church*, [109 Ariz. 39, 504 P.2d 940 (1973)]; *State v. Herkshan*, [105 Ariz. 394, 465 P.2d 587 (1970)]. The punishment may be severe and it may be a single element of the crime which mandates the legislative decision to make probation unavailable and a minimum prison term mandatory, but that does not mean a defendant is being punished time and time again for a single act. It merely defines a single harsh punishment for a single severe crime."

*Bly*, 127 Ariz. at 373, 621 P.2d at 282.

The legislative intent of enhancing punishment for the use of a deadly weapon or a dangerous instrument is to decrease the potential for injury to or loss of human life. *See id.* Thus, when serious physical injury actually occurs as in the instant case, the reasoning of *Bly* applies a fortiori. We find no error in the manner the serious physical injury was used to enhance appellant's punishment.

## TECHNICAL ERRORS IN SENTENCING[1]

■ The trial court ordered that appellant's presentence jail time be credited to his sentence. This is required by A.R.S. § 13–709(B). The parties agree and the record indicates that appellant was incarcerated for 200 days before he was sentenced on February 13, 1980. The trial court and the parties were confused as to when the sentence should commence, and the court ordered that the sentence date back to July 15, 1979. On appeal, the state correctly points out that 200 days before February 13, 1980 is July 29, 1979. Therefore, appellant's sentence for ten years should begin on July 29, 1979.

■ Also, the trial court ordered that appellant "be sentenced to the Department of Corrections" for ten years. To be proper a defendant must be sentenced under § 13–701(A) to "imprisonment" rather than to "the Department of Corrections." *State v. Razinha*, 123 Ariz. 355, 599 P.2d 808 (App.

1. Appellant has a prior felony conviction under the pre-1978 criminal code. In his brief, he raises the issue whether the conviction, punishable by a sentence of from two to ten years, qualifies as a prior felony with a "penalty of up to life imprisonment" within the meaning of A.R.S. § 13–604(G) before its April, 1980 amendment. Whatever merit this argument might have, *see State v. Armendariz*, 127 Ariz. 422, 621 P.2d 928 (App.1980), the prior conviction was not used to enhance appellant's punishment; thus, the issue is moot.

1979). Pursuant to A.R.S. § 13–4037, therefore, we modify appellant's sentence and sentence him to imprisonment for ten years dating from July 29, 1979.

The judgment is affirmed; the sentence is modified in part to correct the technical errors.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.