638 P.2d 206

**STATE of Arizona, Appellee,**

v.

**Bruce Allen GANNON, Appellant.**

**No. 5316–PR.**

Supreme Court of Arizona,
En Banc.

Nov. 3, 1981.
Rehearing Denied Jan. 6, 1982.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Phoenix, for appellee.

Michael A. Carragher, Safford, for appellant.

HAYS, Justice.

Defendant, Bruce Allen Gannon, was convicted of second degree murder in the shooting death of his wife. He was sentenced after pleading no contest pursuant to a plea agreement which stipulated a 21-year sentence of incarceration in the Arizona State Prison. An appeal was processed in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for the defendant raised four arguable issues in an *Anders* brief with the defendant filing a supplemental brief. In his supplemental brief the defendant asserted that the trial court could not impose a sentence greater than the statutory presumptive sentence of ten and one-half years under A.R.S. § 13–604(G) and § 13–702(C) without a mitiga-

tion/aggravation hearing and a finding of aggravating circumstances. In a memorandum decision the Court of Appeals reversed the decision of the trial court. After denial of its motion for a rehearing, the state filed a timely petition for review which we granted.

We take jurisdiction pursuant to A.R.S. § 12–120.24 and 17 A.R.S. Rules of Criminal Procedure, rule 31.19. Finding no fundamental error in our search of the record, we vacate the memorandum decision of the Court of Appeals, and affirm the trial court.

We address initially the four issues raised by defense counsel in the *Anders* brief:

1) Was the defendant represented by inadequate or incompetent counsel?

2) Did the trial court abuse its discretion and impose an excessive sentence in derogation of the defendant's constitutional rights?

3) Did the defendant knowingly, voluntarily and intelligently enter a plea of no contest pursuant to the plea agreement providing for a 21-year sentence?

4) Did the state meet its burden of establishing a factual basis for the charge of second-degree murder?

ADEQUACY AND COMPETENCY OF COUNSEL

The standard presently utilized in Arizona to determine the adequacy and effectiveness of representation is whether counsel was so inept that the proceedings were reduced to a mere farce, sham or mockery of justice. *State v. Dippre*, 121 Ariz. 596, 592 P.2d 1252 (1979); *State v. Hall*, 118 Ariz. 460, 577 P.2d 1079 (1978). This standard has been consistently employed despite this court's recognition of a different standard centering on whether representation by counsel was "reasonably competent and effective," *Cooper v. Fitzharris*, 586 F.2d 1325, 1328 (9th Cir. 1978), cert. denied, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979), or whether the defendant received "reasonably effective representation, within the range of professional con-

duct customarily expected of an attorney in a criminal case." *State v. Williams*, 122 Ariz. 146, 155, 593 P.2d 896, 905 (1979) (Gordon, J., specially concurring).

A determination whether the defendant has received effective assistance of counsel is made on the basis of the record. *State v. Ellis*, 117 Ariz. 329, 572 P.2d 791 (1977). Our review of the record indicates that defense counsel did err by failing to file a notice of appeal before twenty days from the date of judgment had expired. However, no prejudice to the defendant resulted since he personally had filed a timely notice of appeal. We find that counsel appropriately developed the case for trial and conclude that the representation afforded the defendant was adequate whichever standard is utilized.

EXCESSIVE SENTENCE

■ The imposition of a 21-year sentence of imprisonment will be discussed in more detail in conjunction with the points raised by the defendant in his supplemental brief. For the present we note that a factual basis existed for classifying the homicide as second degree murder, a class 2 felony, and that the defendant's sentence fell within the prescribed statutory limits for the crime charged. The sentence imposed by the trial court is valid unless a clear abuse of discretion is shown. *State v. Cagnina*, 113 Ariz. 387, 555 P.2d 345 (1976). Capriciousness, arbitrariness or failure to investigate adequately the facts necessary for intelligent exercise of the trial court's sentencing power characterize an abuse of discretion. *State v. Ethington*, 121 Ariz. 572, 592 P.2d 768 (1979); *State v. Douglas*, 87 Ariz. 182, 349 P.2d 622, *cert. denied*, 363 U.S. 815, 80 S.Ct. 1255, 4 L.Ed.2d 1157 (1960). Our review of the record fails to disclose the imposition of an excessive sentence or any behavior of the trial court amounting to an abuse of discretion.

■ Finally, the defendant was sentenced to the Department of Corrections. Strict compliance with the statutory language of A.R.S. § 13–701(A) requires sentencing to imprisonment. *State v. Gutierrez*, 634 P.2d 960 (1981); *State v. Razinha*, 123 Ariz. 355, 599 P.2d 808 (App.1979). We thus modify the sentence in part to correct the technical error, and sentence the defendant to imprisonment.

VALIDITY OF THE PLEA

To be valid, a plea must be entered freely, voluntarily, and with an understanding of the nature and consequences of the plea. *See State v. Linsner*, 105 Ariz. 488, 467 P.2d 238 (1970). The record clearly shows that the court fully explained to the defendant the consequences of entering a no-contest plea. Moreover, the voluntariness of the plea was discussed at length with the defendant. We find no indication that the no-contest plea was anything but knowing, intelligent and voluntary.

FACTUAL BASIS FOR THE PLEA OF NO CONTEST

■ Acceptance of a guilty plea is not predicated upon finding the defendant guilty beyond a reasonable doubt, but rather on ascertaining the existence of "strong evidence" of guilt. *State v. DeCoe*, 118 Ariz. 502, 578 P.2d 181 (1978). The lesser standard of "strong evidence" of guilt is met in this case. The defendant made statements to the police that he had handled the pistol which killed the victim. The defendant gave numerous conflicting and incongruous explanations for the death of his wife such as cleaning the gun, dropping the gun, and "clicking" the gun. Whichever explanation one accepts, the fact remains that the defendant was tampering with a fully-loaded revolver in the direction of another person in a small one-room apartment. Such action creates a grave risk of death under circumstances manifesting extreme indifference to human life, and, thus, supports a charge of second-degree murder under A.R.S. § 13–1104(A)(3).

Even though the record discloses that the defendant was intoxicated to some extent at the time of the incident, the evidence tends to show premeditation and intent. Shortly before the incident, the defendant had made statements that he felt like killing someone and that he had an "itchy

trigger finger." He was also carrying bullets in his pocket. Moreover, he had been arguing for several days with his wife over his shooting of their dog.

We conclude there was sufficiently "strong evidence" of guilt despite the defendant's intoxicated state to support a plea of no contest.

## COMPLIANCE WITH THE SENTENCING STATUTES

We next address the issues raised in the defendant's supplemental brief. First, did the trial court, in imposing a sentence in excess of the presumptive sentence stated in A.R.S. § 13–604(G), substantially comply with A.R.S. § 13–702(C) by (1) making the requisite factual findings of circumstances in aggravation or mitigation, and by (2) setting forth in the record the reasons in support of the findings? Section 13–702(C) provides that any reduction or increase in the length of the presumptive sentence

"... may be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing."

In *State v. Mahler*, 128 Ariz. 429, 626 P.2d 593 (1981), we stated:

"A.R.S. § 13–702, places certain obligations on the sentencing judge. Sub-section C directs that a lower or upper term other than the presumptive sentence may be imposed *only* if the circumstances in aggravation or mitigation are found to be true by the trial judge, and factual findings and reasons in support of the findings *must* be set forth on the record at the time of sentencing. A plea agreement cannot be substituted for the requirements of the statute."

128 Ariz. at 431; 626 P.2d at 595. We emphasized that the better practice is for trial judges to make specific findings of the aggravating or mitigating factors which form the basis of any decision to impose a sentence greater or lesser than the presumptive sentence. Although the trial court in *Mahler* did not follow the preferred practice, we nevertheless found the trial judge had pointed out to the appellant the reasons leading the judge to impose the sentence set forth in the plea agreement. We concluded there was substantial compliance with the sentencing statute.

A review of the record in the instant case supports a similar conclusion. The trial court, unfortunately, did not specifically refer to A.R.S. § 13–702(C), but it did substantially comply with the statute. At various points in the proceedings the trial judge found the use of a deadly weapon and the infliction of serious physical injury to constitute the aggravating circumstances in support of the sentence imposed. Moreover, the record indicates the defendant was specifically apprised of these findings:

"Then we're going to impose the presumptive sentence of 7 and find that a deadly weapon or dangerous instrument was used and that serious physical injury was inflicted upon another and so that he must serve not more than three times and shall not be eligible for suspension or computation [sic] of sentence, probation, pardon or parole or release until not less than two-thirds of the sentence imposed has been served. Do you understand that, Mr. Gannon?"

The trial court later reminded the defendant of his position before the court and after having ascertained that he knowingly, voluntarily and intelligently pled no contest, it accepted the plea agreement. Finally, the court reiterated its prior findings of aggravating circumstances when it stated: "[I]t is found by the Court that a deadly weapon or dangerous instrument was used and that a serious physical injury upon another has occurred."

In light of *Mahler*, the trial court's failure to cite specifically § 13–702 cannot be construed to indicate noncompliance with the provisions of that section. As required by the *Mahler* decision, the trial judge did point out to the defendant the reasons which could lead the court to impose the

sentence set forth in the plea agreement. We find the use of a deadly weapon and the infliction of serious physical injury to be a sufficient factual basis to comply with the requirements of § 13–702 and to support the trial court's acceptance of the plea agreement and its imposition of a 21-year sentence.

AGGRAVATION/MITIGATION HEARING

The defendant contends that a sentence exceeding the presumptive sentence set forth in A.R.S. § 13–604(G) may not be imposed unless an aggravation/mitigation hearing is held. He argues that 17 A.R.S. Rules of Criminal Procedure, rule 17.2(b), requires the court to advise him of his right to an aggravation/mitigation hearing before he can be sentenced to a term in excess of the presumptive term. Moreover, defendant maintains there is no showing that he waived his right to such a hearing.

Rule 17.2(b) provides that prior to the acceptance of a no-contest plea, the defendant be addressed personally in open court and informed of

"[t]he nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute."

Rule 17 imposes a duty on the court to advise the defendant of certain rights and the consequences of pleading no contest. It does not, as defendant asserts, address any duty of the court to advise the accused of a right to an aggravation/mitigation hearing.

Prior to accepting the no-contest plea, the trial court reviewed with the defendant the crime charged, the aggravating circumstances, the range of sentence, and the ineligibility for parole or commutation until two-thirds of the sentence imposed was served. The court specifically questioned the defendant regarding his decision to plead no contest "anticipating that you'll receive a sentence of 21 years and knowing that you ... have to serve at least 14 years," whereupon the defendant again confirmed his no-contest plea. We find the requirements of Rule 17.2 were met.

Finally, we note that the defendant, following a discussion with his lawyer, waived his right to a presentence report, a presentence hearing and the passage of up to 15, but not more than 30, days before the imposition of sentence. The court again questioned the defendant concerning his wish to waive these rights and he confirmed the decision. In view of these facts and the court's express consideration of the aggravating factors leading it to impose the sentence, we find little merit in defendant's contention that the sentence could not be imposed absent an aggravation/mitigation hearing.

The decision of the Court of Appeals is vacated, and the judgment of conviction and the sentence are affirmed as modified.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.