931 F.2d 896
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Bruce A. GANNON, Petitioner/Appellant,
v.
Samuel A. LEWIS, Respondent/Appellee.
 No. 90-15120.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1991.*
Decided May 8, 1991.
As Amended on Denial of Rehearing Aug. 7, 1991.
 Before BEEZER and NOONAN, Circuit Judges, and SINGLETON, Jr. District Judge.**
 MEMORANDUM***
 I. STATEMENT OF THE CASE
 Appellant Bruce A. Gannon, (hereinafter "Gannon"), pro se, appeals the dismissal of his second habeas corpus petition pursuant to 28 U.S.C. Sec. 2254, challenging his state conviction for second-degree murder. We affirm.
 Gannon raises three issues. First, he contends his due process rights were violated when the state court imposed a sentence in excess of the presumptive sentence without conducting an aggravating/mitigating hearing. Second, he argues that his due process rights were violated because the trial court erred in imposing a sentence above the presumptive term without sufficiently stating on the record its reasons for doing so. Finally, Gannon seems to contend his equal protection rights under the state and federal constitutions were violated during the sentencing hearing.
 We deny the first claim as successive and deny the remaining claims on the merits.
 II. FACTS AND PROCEEDINGS BELOW
 Gannon was convicted of second-degree murder in the shooting death of his wife. He pleaded guilty to second-degree murder and was sentenced pursuant to a plea agreement in which he stipulated to a twenty-one year sentence. State v. Gannon, 130 Ariz. 592, 593, 638 P.2d 206, 207 (1982). The Arizona Court of Appeals had reversed his sentence in an unpublished decision, but the sentence and conviction were subsequently upheld by the Arizona Supreme Court. Id. Gannon has filed numerous petitions for state post-conviction relief and federal habeas corpus relief. The first habeas corpus petition was dismissed by order on September 15, 1983, for failure to exhaust state remedies. The second petition resulted in an order which thoroughly sets out the various petitions for relief in both federal and state court and the petition was denied. Gannon v. Lewis, Order No. CIV 83-129-TUC-WDB, August 19, 1985.
 The petition which is currently being appealed was denied on the merits by district court order on August 19, 1985. Gannon v. Lewis, Order No. CIV 89-391-TUC-WDB, October 30, 1989. The district court found that it could not adequately address Gannon's concerns without a record and ordered the state to provide the sentencing record. After a review of the sentencing record the district court found that the sentencing court had complied with state law and there was no constitutional violation. The court also found the following and concluded there were no equal protection violations:
 1. The state court fully and adequately explained the terms of the sentencing agreement;
 2. The state court fully explained to the defendant the consequences of his plea agreement;
 3. The state court checked for possible coercion;
 4. The state court presented its basis and facts, fully establishing a basis for the plea agreement and aggravated sentence;
 5. The Petitioner was represented by counsel throughout the process; and
 6. The trial court complied with state law.
 Id.
 III. DISCUSSION
 Standard of Review
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Weygandt v. Ducharme, 774 F.2d 1491, 1492 (9th Cir.1985). A state petitioner is entitled to habeas relief only if he is held in violation of the constitution, laws or treaties of the United States. Engle v. Isaac, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567 (1982).
 Analysis
 I.
 Gannon claims that his due process rights were violated by the failure of the state court to hold an aggravating/mitigating sentencing hearing.[1] The state argues this current claim should be rejected as successive and that it is factually groundless. The state contends that because Gannon waived his right to the mitigating/aggravating hearing which is founded in state law, he is not entitled to federal habeas corpus relief.
 This court described the elements of a successive claim as follows: "[A] ground is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments." Molina v. Rison, 886 F.2d 1124, 1129 (9th Cir.1989). A review of both orders from the district court reveals that both courts have concluded that the Arizona Supreme Court had determined a separate aggravating/mitigating sentencing hearing was not required. Gannon has argued this exact claim twice and has added few different legal arguments.
 The only remaining issue is whether the "ends of justice" require the consideration of the claim. The Ninth Circuit has declined to adopt the Supreme Court's plurality opinion in Kuhlmann v. Wilson, 477 U.S. 436, 106 S.Ct. 626 (1986) which concluded "that the 'ends of justice' require federal courts to entertain such petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." Id. at 454, 106 S.Ct. at 2627 (emphasis added). This court also looks at factors such as an intervening change in the law or if "manifest injustice would occur." Howard v. Lewis, 905 F.2d 1318, 1324-25 (9th Cir.1990); Molina, 886 F.2d at 1124.
 
 
 1
 Since Gannon has pled guilty and has never asserted his innocence and there has been no intervening change in the law, the ends of justice do not require consideration of this successive claim and it was properly dismissed.
 
 II.
 
 2
 Gannon claims that the failure of the state court to express on the record why it was imposing a sentence above the ten and one-half year presumptive sentence resulted in a violation of his federal due process rights. Gannon relies on Arizona Statute Sec. 13-702(C)[2]. The Arizona Supreme Court found specifically that a trial judge may not rely on a plea agreement to avoid complying with the statute which mandates the court to find certain aggravating factors before imposing a greater term than the presumptive sentence. See Ariz.Rev.Stat.Ann. Sec. 13-702(C)(1) & (2). The supreme court found, however, and the district court agreed, that the record in the state sentencing court supported the findings of two aggravating factors. The use of a deadly weapon and the infliction of serious physical injury which were sufficient to increase the sentence to the stipulated twenty-one years. Gannon, 638 P.2d at 595.
 
 
 3
 Under 28 U.S.C. Sec. 2241, in order to disturb a state court judgment, a federal habeas relief petition must show "a violation of the Constitution or laws or treaties of the United States." Gannon is attempting to couch an alleged violation of state law in federal terms in order to gain federal habeas relief. "Even if an error of state law could be sufficient to amount to a denial of equal protection or of due process of law guaranteed by the fourteenth amendment, [Gannon's] submission is not persuasive." Pulley v. Harris, 465 U.S. 37, 40, 107 S.Ct. 871, 874 (1984). Gannon's sentence was not in error and he has not asserted any evidence of a federal constitutional violation. See also, Middleton v. Cupp, 768 F.2d 1083 (9th Cir.1985), cert. denied, 478 U.S. 1021, 106 S.Ct. 3336 (1986); Quiroz v. Wawrzaszek, 749 F.2d 1375 (1984), cert. denied, 471 U.S. 1055, 105 S.Ct. 2119 (1984). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir.1983).
 
 III.
 
 4
 In his briefing and statement of supplemental citations Gannon makes vague references to the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution but does not explain how his rights to equal protection have been violated. Viewing Gannon's allegations liberally as required by Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972), we find that they are essentially repetitious of Gannon's other claims and conclude that Gannon's constitutional rights were not violated.
 
 
 5
 Therefore, we AFFIRM the district court's dismissal of the petition finding that the first claim is successive and the others have no merit.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir. Rule 34-4
 
 
 **
 The Honorable James K. Singleton, Jr., District Court Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3
 
 
 [1]
 Although Gannon does not specifically argue this point in his 53 supplemental citations, he cites a plethora of federal authority for the proposition that he was wrongfully deprived of a presentence report and sentencing hearing. The federal cases cited are interpretations of the Federal Sentencing Guidelines and are inapplicable to the case at hand
 The Arizona Supreme Court found that Gannon affirmatively waived his right to a presentence report, and sentencing hearing and requested that his sentence be pronounced sooner than the 15 days provided by law, and the court found that his waiver with the advice of qualified counsel was valid. Gannon, 638 P.2d at 596. Arizona law allows a valid affirmative waiver of a presentence report and sentencing hearing. State v. Porter, 125 Ariz. 355, 357, 609 P.2d 1055, 1057 (1980); State v. Quatsling, 125 Ariz. 255, 609 P.2d 70 (1980); State v. Garcia, 112 Ariz. 363, 542 P.2d 22 (1975). A federal court may not issue a writ of habeas corpus solely as a result of a perceived error in state law. Pulley v. Harris, 465 U.S. 37, 41, 107 S.Ct. 871, 875 (1984).
 
 
 [2]
 Arizona Statute Sec. 13-702(C) provides that any increase in sentence
 [M]ay be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing ... and factual findings and reasons in support of such findings are set forth in the record at sentencing.