839 P.2d 430

**STATE of Arizona, Appellee,**

v.

**Steven Patrick FAGNANT, Appellant.**

Nos. 1 CA–CR 90–1117,
1 CA–CR 90–1118.

Court of Appeals of Arizona,
Division 1, Department C.

Jan. 30, 1992.

Review Granted Nov. 17, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

C. Kenneth Ray, II, Phoenix, for appellant.

OPINION

GRANT, Presiding Judge.

Steven P. Fagnant ("defendant") appeals from sentences imposed following his guilty pleas to charges of trafficking in

stolen property and fraudulent schemes and artifices, both class 2 felonies.

## FACTS

The charges for trafficking in stolen property arose from the following facts. The defendant was employed at an art gallery in Scottsdale. During his employment, art materials and artwork were reported missing from the gallery. When the Scottsdale police investigated the report, they found several of the items in defendant's possession. The police also discovered that a stolen painting had been sold by defendant to a third person. Most of the items were recovered, although many were in poor condition.

Defendant was originally indicted on four counts of theft, all class 3 felonies, and two counts of trafficking in stolen property, class 2 felonies. He agreed to plead guilty to one count of trafficking in stolen property. In return, the state agreed to drop the remaining five charges. The agreement further stipulated that defendant would not receive probation, and that he would pay restitution for losses stemming from all charges, not to exceed $10,000.

In an unrelated matter, defendant was charged with fraudulent schemes and artifices based on the following facts. Tempe police received a report from Valley National Bank regarding stolen credit cards. The cards were the property of James R. R. reported the cards stolen when he noticed that nearly $20,000 in unauthorized charges appeared on his monthly statement in September of 1988. Police investigations identified defendant as the person who had used the credit cards at several Phoenix-area hotels and restaurants.

Defendant was charged by indictment with one count of fraudulent schemes and artifices, a class 2 felony, one count of theft, a class 3 felony, and three counts of forgery, all class 4 felonies. Pursuant to a plea agreement, the latter four charges were dismissed, and defendant pled guilty to fraudulent schemes and artifices. He also agreed to pay restitution to Valley National Bank for its losses stemming

from the unauthorized use of the credit cards. This agreement also stipulated that probation would not be available.

Defendant was sentenced to an aggravated term of nine years for the trafficking in stolen property charge, and an aggravated term of nine years for the fraudulent schemes charge. The sentences were to be served concurrently.

## DISCUSSION OF ISSUES

■ Defendant challenges his sentences on four grounds:

1. at the time of sentencing, the circumstances used to aggravate defendant's sentences were not adequately proven;

2. the trial court improperly used charges outstanding against defendant in the state of Washington as an aggravating circumstance;

3. the trial court improperly used a prior felony conviction in the state of Washington to aggravate defendant's sentences;

4. the trial court improperly considered the fact that defendant's crimes were for pecuniary gain.

Based on these arguments, defendant claims that the trial court improperly weighed the aggravating and mitigating circumstances, and therefore improperly imposed aggravated sentences. We review the sentence to determine whether the trial judge abused his discretion in imposing sentence. *State v. Gannon*, 130 Ariz. 592, 638 P.2d 206 (1982).

■ At the sentencing proceeding, the judge stated that he found aggravating circumstances in the following facts: multiple felonies were involved; defendant was previously convicted of a felony in the state of Washington; the victims suffered substantial economic losses as a result of the crimes; and the offenses were committed for pecuniary gain. The judge also stated that he had considered the mitigating circumstances presented by the defendant, including evidence that the defendant suffered from a significant substance abuse problem. The judge also considered, for mitigation purposes, the recommendations

**12**

of W.E. Fidlar, Ph.D., a psychologist who had examined the defendant.

The defendant claims that the aggravating circumstances were not properly established. Defendant argues that no "proof" of the aggravating circumstances was presented to the trial court, and therefore the court "had no basis in fact to support" the aggravating circumstances. The aggravation/mitigation statute contains no prerequisite standard of "proof." The relevant statute, Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–702(C), states:

> The upper or lower term ... may be imposed only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing.

The trial judge stated on the record the reasons for aggravation, and related the fact that he had considered all of the evidence produced, including the presentence report and other information provided to him prior to sentencing. The statute allows the judge to consider "any evidence or information" at his disposal. The sentencing judge has wide discretion to review a variety of sources and types of information in determining the extent of punishment. *State v. Ross*, 144 Ariz. 154, 157, 696 P.2d 706, 709 (App.1984). As to the aggravating circumstances that multiple felonies were involved and that the victims suffered substantial economic damage we find no abuse of discretion.

■ Defendant's second claim is that during the change of plea hearing, and again at sentencing, reference was made by counsel to outstanding charges for a crime in Washington. Defendant claims that the outstanding charges were "on the mind" of the sentencing judge, concluding that "it would be contrary to common sense" to believe that the judge did not consider those charges when sentencing defendant. During the mitigation hearing, the judge told counsel the following: "While there was something in the presentence report that said the defendant has a pending warrant, and I know about it, in the State of Washington, I won't consider anything about that case in the current sentencing because he hasn't been convicted on that at all." At the subsequent sentencing proceeding, the judge asked defendant's counsel whether the disposition of those charges was known. Defense counsel answered that it was not. The judge did not mention the charges after that time. At the time of sentencing, the judge specifically stated the reasons for aggravation, and in doing so he did not mention the outstanding charges. Therefore, there is no basis whatsoever to find that the judge used the offenses alleged in the outstanding charges to impose the aggravated sentence. If an intervening conviction had occurred, that fact could have been considered by the judge. We find no error in the judge's inquiry regarding those charges.

Defendant next argues that his prior felony conviction in the state of Washington was improperly used to aggravate his sentences. The presentence report presented to the trial court states that defendant pled guilty to "obstructing police" in 1983, after originally being charged with conspiracy to deliver, and delivery of, dangerous drugs. Defendant was given a ten-year suspended sentence and placed on five years probation. He argues that the Washington conviction may not have been a felony in Arizona and therefore should not have been used to aggravate his sentences. We agree.

■ We note that the defendant did not object to the use of the prior felony as an aggravating circumstance during the sentencing hearing. Moreover, in his answers to the presentence questionnaire defendant admitted that he had been convicted of a felony. We note also that defendant refused to participate in the presentence investigation performed by a probation officer.

Nevertheless, we do not believe that a conviction in Washington for "obstructing

police" can be used as an aggravating factor here without a showing that it would be a felony in Arizona. The relevant statutes are A.R.S. sections 13–702(A), (B) and (D)(11). The latter provision reads as follows:

D. For the purpose of determining the sentence pursuant to § 13–710 and subsections A and B of this section, the court shall consider the following aggravating circumstances:

. . . .

11. The defendant was previously convicted of a felony within the ten years immediately preceding the date of the offense. *A conviction outside the jurisdiction of this state for an offense which if committed in this state would be punishable as a felony is a felony conviction for the purposes of this paragraph.*

*State v. Schaaf*, 169 Ariz. 323, 819 P.2d 909 (1991), makes it clear that a court can only look to the elements of the crime for which the defendant was convicted in another state to determine whether the conduct would be a felony in Arizona. We find nothing in this record from which the trial court could have determined whether "obstructing police" would be a felony in Arizona. No Washington statute is cited anywhere in the record. Evidence of aggravating factors must be introduced or submitted to the court and made part of the record. This evidence in the record must show the source and content of the information. *See State v. Jones*, 147 Ariz. 353, 710 P.2d 463 (1985). Because the state failed to provide proof that the offense for which defendant was convicted in Washington would be punishable as a felony if committed in Arizona, the trial judge abused his discretion in considering it as an aggravating circumstance in this case.

We note that although the defendant admitted a prior felony for "obstructing police" our own inquiry does not readily reveal any crime corresponding to that description that is treated as a felony in Washington. It is conceivable that the defendant was confused on this point.

We realize that, even if the crime the defendant committed in Washington was not a felony, the judge could properly consider it under A.R.S. section 13–702(D)(13), the catch-all provision, which allows the court to consider anything appropriate to the question of aggravation of the sentence. However, we cannot say that the judge would have imposed the sentence he did impose had he realized that the Washington crime did not rest, or had not been proven to rest, on conduct that would be a felony in Arizona.

■ Defendant's final argument relates to the judge's finding that the offenses were committed for pecuniary gain. Defendant argues that pecuniary gain is an inherent element in all property crimes, and therefore this aggravating factor was improperly considered. We disagree.

Our supreme court first upheld the sentencing scheme that would allow an element of a crime to be used as an aggravating circumstance in *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980). This reasoning was reaffirmed in *State v. Martinez*, 127 Ariz. 444, 622 P.2d 3 (1980), where the court held that use of a gun as an aggravating circumstance was proper in a conviction for armed robbery.

In *State v. Germain*, 150 Ariz. 287, 723 P.2d 105 (App.1986), this court followed and clarified the holdings in *Bly* and *Martinez*, holding that an element of a crime may be used if the element is listed in the aggravation statute, A.R.S. section 13–702(D). More recently, in *State v. Lara*, 170 Ariz. 203, 823 P.2d 70 (App. 1990), *review granted* (June 27, 1991), this court held that an "essential and irreducible element" of a crime may *not* be used to aggravate the crime that it defines. *Id.* at 206, 823 P.2d at 73. Pursuant to *Germain* and *Lara*, our inquiry focuses on whether "pecuniary gain" is listed in A.R.S. section 13–702(D)(6) as a proper aggravating factor, and if so, whether pecuniary gain is an essential and irreducible element of fraudulent schemes and artifices or trafficking in stolen property.

In answer to the first portion of this inquiry, we find that A.R.S. section 13–702(D)(6) allows the sentencing judge to consider whether "[t]he defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." Thus, the sentencing judge properly considered the fact that defendant committed the offenses for pecuniary gain.

 Defendant was convicted of trafficking in stolen property as defined at A.R.S. section 13–2307(B): "A person who knowingly initiates, organizes, plans, finances, directs, manages or supervises the theft and trafficking in the property of another that has been stolen is guilty of trafficking in stolen property in the first degree." Neither this statute nor the definition of "traffic" found at A.R.S. section 13–2301(B)(3) requires a necessary element of pecuniary gain.

The definition of fraudulent schemes and artifices is found at A.R.S. section 13–2310: "Any person who, pursuant to a scheme or artifice to defraud, knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omissions is guilty of a class 2 felony." "Benefit" is defined as "anything of value or advantage, present or prospective." A.R.S. § 13–105(2). Thus "pecuniary gain" is not an essential or irreducible element of this crime, since a "benefit" may be "anything of value" either pecuniary or non-pecuniary. Pecuniary gain is a proper aggravating circumstance in sentencing in this case because it is not an essential element of trafficking in stolen property or fraudulent schemes and artifices. Defendant's final argument is therefore without merit.

Overall, we find that the sentencing judge did abuse his discretion in sentencing defendant to aggravated terms by considering the unproven Washington felony as an aggravating circumstance.

Because we have determined that the trial court abused its discretion in considering improper aggravating circumstances in sentencing we affirm the conviction but remand for resentencing.

EUBANK and KLEINSCHMIDT, JJ., concur.