542 P.2d 22

**STATE of Arizona, Appellee,**

v.

**Arthur Lawrence GARCIA, Appellant.**

**No. 3264.**

Supreme Court of Arizona,
En Banc.
Nov. 3, 1975.

**364**

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Shirley H. Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

Heckman & Wieser, by Gary A. Wieser, Phoenix, for appellant.

HAYS, Justice.

The appellant, Arthur Lawrence Garcia, was found guilty of driving while intoxicated while his license was suspended, revoked or refused and sentenced November 15, 1974, to a term of not less than one nor more than three years in the Arizona State Prison. A presentence report was filed November 18, 1974. Garcia appeals contending that the trial judge erred in sentencing him without the aid of a presentence report. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

The state argues that it is "apparent" from the record that the trial judge had the presentence report before him when sentencing Garcia. We do not find it clear from the record since the presentence report was not filed with the trial court until three days after the sentence had been pronounced and nothing in the transcript indicates to the contrary except for the judge's earlier decision to wait until the report was prepared.

 The rules of criminal procedure require that a presentence report *shall* be prepared and made available to the judge and to the parties at least two days before the date set for sentencing. Rule 26.4, Rule 26.6, 1973 Rules of Criminal Procedure; *see State v. Pierce*, 108 Ariz. 174, 494 P.2d 696 (1972). This is in addition to any hearing in aggravation or in mitigation held by the judge, and does not depend upon whether the information is derogatory or beneficial but goes to the fundamental fairness of a complete disclosure.

 A presentence report is optional if the defendant requests that the sentence be pronounced at an earlier date than is provided for by the rules. Rule 26.3(a), 1973 Rules of Criminal Procedure. However, in that situation, the trial court must first advise "the defendant of his right to a pre-sentence report." Rule 26.3(a), 1973 Rules of Criminal Procedure. While Garcia offered no legal cause why the sen-

tence against him should not have been pronounced November· 15, the waiver of a presentence report cannot rest on silence but must be affirmatively made. Where discretion is vested in the trial judge to determine a just sentence commensurate with the crime, it is "almost essential" that a trial judge have made available to him all the information possible with regard to the accused. *State v. Fenton,* 86 Ariz. 111, 341 P.2d 237 (1959).

This case is remanded to the trial court for resentencing. The judgment of guilt is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.