NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KILIAN SURRON WATSON, *Appellant.*

Nos. 1 CA-CR 16-0494, 1 CA-CR 16-0495, 1 CA-CR 16-0615
(Consolidated)
FILED 8-10-2017

Appeal from the Superior Court in Maricopa County
Nos.  CR2015-001985-001, CR2013-422967-001, CR2013-454220-001
The Honorable James R. Rummage, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Patricia A. Orozco[1] joined.

**J O N E S**, Judge:

¶1            Kilian Watson appeals his conviction and sentence for one count of sale or transportation of marijuana, a class two felony, and the resulting revocation of two terms of probation imposed following separate prior convictions for possession of drug paraphernalia and possession or use of marijuana.  After searching the entire record, Watson's defense counsel has identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Watson was afforded an opportunity to file a supplemental brief *in propria persona* but did not do so.  For the following reasons, we affirm Watson's conviction and probation revocations and affirm as modified his sentence and dispositions.

**FACTS[2] AND PROCEDURAL HISTORY**

¶2            In December 2013, Watson pleaded guilty to one count of possession of drug paraphernalia and, in a separate case, to one count of possession or use of marijuana.  Watson was placed on concurrent terms of three years' probation.  As part of his probation, Watson agreed he would maintain a crime-free lifestyle and refrain from possessing or using illegal drugs or controlled substances.

¶3            In May 2015, Watson was indicted on one count of transport or sale of marijuana.  At trial in May 2016, a trooper with the Arizona

---

[1]       The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Sections 3 and 20, of the Arizona Constitution.

[2]       "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

Department of Public Safety testified he initiated a traffic stop on the evening of April 9, 2015, of a vehicle he observed exceeding the posted speed limit on Interstate 17 by more than twenty miles per hour. While speaking with the driver, later identified as Watson, through the open front passenger window, the trooper smelled a "moderate odor" of marijuana emanating from the vehicle. From outside the vehicle, the trooper could see a green leafy substance he believed to be marijuana contained within two plastic grocery bags on the floorboard beneath Watson's legs.

¶4        At first, Watson told the trooper the smell came from incense he had burned earlier. The trooper advised Watson he was being placed in investigative detention, and Watson then admitted there was marijuana in his vehicle. The trooper placed Watson under arrest and performed a search incident to arrest. The trooper discovered $1,000 cash in Watson's pocket, bundled in $100 increments. Watson had only $3 in his wallet. The trooper also found a third bag of marijuana beneath the driver's seat of the vehicle. Watson did not appear to be under the influence of marijuana, however, and the trooper did not find any drug paraphernalia or other evidence suggesting Watson used marijuana.

¶5        After being transported to the police station and advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 467-73 (1966), Watson admitted he knew the bags contained marijuana, which he had purchased a few hours earlier that evening for $500. He added he had recently begun selling drugs and believed the total weight of the marijuana was 2.7 pounds.

¶6        Subsequent testing confirmed the three bags contained a total of 2.93 pounds of marijuana. A drug expert testified this was substantially more than what is typically considered for personal use and its value was substantially greater if broken down and sold by the ounce. Additionally, because marijuana is organic and loses its potency over time, some portion of that marijuana would become unusable before even a heavy marijuana user could consume it all. The expert also testified the bundling of the currency found in Watson's possession was consistent with cash involved in drug sales.

¶7        At the close of the State's case-in-chief, Watson moved for judgment of acquittal, arguing the State failed to prove Watson transported the marijuana for sale, rather than possessed it for personal use. The trial court denied the motion but agreed to instruct the jury regarding the lesser-included offense of simple possession of marijuana. Nonetheless, the jury found Watson guilty of sale or transport of marijuana and, as an

aggravating factor, "the amount of marijuana the defendant possessed . . . was [t]wo pounds or more." During the aggravation phase, Watson's probation officer confirmed Watson was on probation at the time of the offense. The jury then found Watson had committed the offense "while on probation . . . for a conviction of the felony offense of [possession of] [d]rug [p]araphernalia" and "as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." Based upon the determination of guilt, the court found Watson had violated the conditions of his probations. Watson later admitted one historical felony conviction.

¶8 At sentencing, the trial court considered both aggravating and mitigating circumstances[3] before sentencing Watson as a non-dangerous, repetitive offender to a presumptive term of 9.25 years' imprisonment, with credit for thirty-four days of presentence incarceration, for his conviction for sale or transportation of marijuana. The court also revoked both of Watson's probation grants and sentenced him to a mitigated term of four months' imprisonment for possession of drug paraphernalia, and a term of thirty-one days' imprisonment for possession of marijuana, with these sentences to run consecutive to that for sale or transportation of marijuana. The court gave Watson credit for forty-two days' presentence incarceration credit upon those terms, resulting in the immediate termination of Watson's sentence for possession of marijuana. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[4] 13-4031, and -4033(A)(1).

## DISCUSSION

¶9 Regarding Watson's conviction and probation revocations, our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). Pursuant to A.R.S. § 13-3405(A)(4), "[a] person shall not knowingly . . . [t]ransport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana." If

---

[3] Although the record does not contain a presentence report, it is apparent from the record the trial court received and considered the report, as well as Watson's criminal history, the testimony of his friends, and other mitigating factors. Under these circumstances, the absence of the presentence report does not, alone, amount to fundamental error. *See State v. Maese*, 27 Ariz. App. 379, 379-80 (1976).

[4] Absent material changes from the relevant date, we cite a statute's current version.

a person transports "an amount of marijuana having a weight of two pounds or more," he is guilty of a class 2 felony. A.R.S. § 13-3405(B)(11). Sufficient evidence was presented upon which a jury could determine, beyond a reasonable doubt: (1) Watson knew he had marijuana in the vehicle he was driving on a public highway; (2) he intended to sell that marijuana, which weighed more than two pounds; and (3) he was on probation at the time of the offense. Additionally, the trial court was authorized to revoke Watson's probations following his conviction on another offense. *See* Ariz. R. Crim. P. 27.8(c)(2), (e).

¶10 All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Watson was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial, the verdict, and the violation hearing. *See* Ariz. R. Crim. P. 27.8(b)(2) (right to be present at violation hearing); *State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). At sentencing and disposition, Watson was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-702(D), -703(B), (I), -707(A)(1), -708(C).[5]

## CONCLUSION

¶11 Watson's conviction, sentence, probation revocations, and dispositions are affirmed.

¶12 Defense counsel's obligations pertaining to Watson's representation in this appeal have ended. Defense counsel need do no more than inform Watson of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to

---

[5] Although the record suggests Watson may have received more presentence incarceration credit than he was entitled to receive, because any error favors Watson and the State did not file a cross-appeal, we lack jurisdiction to correct the error. *See State v. Dawson*, 164 Ariz. 278, 281-82 (1990).

our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶13 Watson has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we also grant Watson thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: AA