NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JESUS MANUEL SOTO, JR., *Appellant*.

No. 1 CA-CR 17-0336
FILED 4-26-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-145077-001
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Colin F. Steams
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge James B. Morse Jr. joined.

**J O N E S**, Judge:

¶1        Jesus Soto, Jr. appeals his convictions and sentences for one count each of first-degree burglary, kidnapping, armed robbery, aggravated assault, possession of marijuana, and threatening or intimidating.  After searching the entire record, Soto's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), Soto's counsel asked this Court to search the record for fundamental error.  Soto was granted an opportunity to file a supplemental brief *in propria persona* but did not do so.  After reviewing the entire record, we find no error.  Accordingly, Soto's convictions and sentences are affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2        Around 7:30 a.m. on September 24, 2015, Eduardo G. awoke when Soto entered his bedroom with a crowbar in hand.[1]  Soto told Eduardo to sit on the corner of the bed and threatened to kill Eduardo if he moved.  Eduardo was scared and did as he was told.  Meanwhile, Soto went from room to room, gathering items into bags and throwing things around.

¶3        Eduardo's roommate, Juana V., returned from a walk a few minutes later to find Soto in the home.  When Soto refused to leave, Juana left to contact the police.  As she was leaving, Juana saw Soto holding a knife next to Eduardo through the bedroom window.  When the police arrived and announced their presence, Soto told Eduardo that if he talked to the police, Soto would return in two weeks to kill him.  Eduardo

---

[1]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

eventually ran for the door and escaped, still trembling in fear. Eduardo confirmed Soto was still inside the residence.

¶4        Police then observed Soto jump out of a window and over a short chain-link fence. In doing so, he threw a gray shirt and a clear plastic baggie containing a leafy green substance believed to be marijuana on the ground. Subsequent testing revealed the substance was a usable quantity of marijuana.

¶5        After a brief pursuit, Soto was detained and arrested. A search incident to arrest revealed Soto was in possession of Eduardo's wallet, cell phone, and credit card. The police also found items in the home — including a knife and crowbar — that did not belong to either Juana or Eduardo. Subsequent testing revealed Soto was a major contributor of deoxyribonucleic acid (DNA) found on the knife.

¶6        Soto was indicted on one count each of first-degree burglary, kidnapping, armed robbery, aggravated assault, possession of marijuana, and threatening or intimidating. After an unsuccessful motion for judgment of acquittal, the jury convicted Soto as charged. The jury also found the State proved that Soto committed the first four offenses in order to obtain something of pecuniary value and that those offenses caused emotional harm to Eduardo.

¶7        The trial court found Soto had three prior historical felony convictions and sentenced him as a non-dangerous, repetitive offender to: concurrent, slightly aggravated terms of sixteen years' imprisonment for burglary, kidnapping, and armed robbery; twelve years' imprisonment for aggravated assault; and four years' imprisonment for possession of marijuana; and a six-month term of imprisonment for threatening or intimidating. The court also credited Soto with 595 days of presentence incarceration. Soto timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

¶8        Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). A person commits first-degree burglary "by entering or remaining unlawfully in or on a residential structure with the intent to

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

commit any theft or any felony therein" while "knowingly possess[ing] . . . a deadly weapon or dangerous instrument." A.R.S. §§ 13-1507(A); -1508(A). A person commits kidnapping "by knowingly restraining another person with the intent to . . . aid in the commission of a felony." A.R.S. § 13-1304(A)(3). A person commits armed robbery "if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property" and "[u]ses or threatens to use a deadly weapon or dangerous instrument." A.R.S. § 13-1902(A), -1904(A)(2). As relevant here, a person commits aggravated assault by "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury" and "the person uses a deadly weapon or dangerous instrument." A.R.S. §§ 13-1203(A)(2); -1204(A)(2). A person commits possession of marijuana if he "knowingly . . . [p]ossess[es] or use[s] marijuana." A.R.S. § 13-3405(A)(1). And a person commits threatening or intimidating "if the person threatens or intimidates by word or conduct . . . [t]o cause physical injury to another person." A.R.S. § 13-1202(A)(1). Sufficient evidence was presented for the jury to conclude beyond a reasonable doubt that Soto committed these crimes.

¶9 All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Soto was represented by counsel at all stages of the proceedings and was present at all critical stages, including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Soto's presumption of innocence. At sentencing, Soto was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences.[3]

---

[3] Although the record does not contain a presentence report, it is apparent the trial court ordered the report and that both the court and the parties received and considered the report, as well as the mitigation report submitted by Soto, in advance of the sentencing hearing. Under these circumstances, the absence of the presentence report in the appellate record does not amount to fundamental error. *See State v. Maese*, 27 Ariz. App. 379, 379-80 (1976); *see also* Ariz. R. Crim. P. 26.4(c) (requiring the presentence

*See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentence imposed was within the statutory limits.[4] *See* A.R.S. §§ 13-703(C), (J), (K); -707(A)(1).

**CONCLUSION**

**¶10**        Soto's convictions and sentences are affirmed.

**¶11**        Defense counsel's obligations pertaining to Soto's representation in this appeal have ended. Defense counsel need do no more than inform Soto of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶12**        Soto has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Soto thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

report to be "delivered to the sentencing judge and to all counsel" but not filed).

[4]        The record reflects Soto was arrested and incarcerated on September 24, 2015 and held until sentencing on May 10, 2017, for a total of 594 days of presentence incarceration. Although the trial court erroneously gave Soto credit for 595 days of presentence incarceration, the error was in Soto's favor and is, therefore, not fundamental because it did not prejudice him. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005) (explaining that fundamental error is error that both goes to the foundation of the case and prejudices the defendant).