NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ERIC PINA MOLINA, *Appellant*.

No. 1 CA-CR 19-0529
FILED 7-14-2020

---

Appeal from the Superior Court in Maricopa County
No. CR2017-128193-001
The Honorable Julie Ashworth LaFave, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jefferey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

T H U M M A, Judge:

¶1  This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Eric Pina Molina has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Molina was given the opportunity to file a supplemental brief pro se but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Molina's convictions and sentences for four counts of aggravated driving under the influence (DUI) and one count of possession of marijuana are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

¶2  Early one morning in June 2017, James T. was visiting with a friend in Mesa when he heard a crash. When they went outside, a silver Dodge Charger with two flat tires and significant front-end damage pulled up behind their vehicles. A man got out of the driver's seat of the Charger and asked James not to contact the police. Seeing two children in the backseat, James called 9-1-1.

¶3  Mesa Police Department officers arrived at about 2:30 a.m. The children, estimated at five and six-years-old, were waiting outside of the Charger. James identified Molina as the driver. Molina denied using alcohol or drugs, but admitted he was "acting drunk," smelled strongly of alcohol, had bloodshot watery eyes and slurred speech. Molina was unable to follow the officers' instructions and was arrested on suspicion of DUI. During a search incident to arrest, a small bag containing a green leafy

---

[1] "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

substance was found in Molina's pocket. Subsequent testing confirmed Molina's admission that the substance was marijuana.

¶4        At the station, officers obtained a warrant for a sample of Molina's blood. The sample, drawn at 3:46 a.m., indicated his blood alcohol concentration (BAC) was 0.241. The State charged Molina with four counts of aggravated driving under the influence (DUI) (based on his BAC, driving on a suspended license and the children in the car) and one count of possession of marijuana.

¶5        At trial, a forensic scientist testified a man of Molina's size would have had to drink more than a dozen standard alcoholic beverages to achieve a BAC of 0.241, which was three times the BAC level of 0.08, where impairment is presumed. A representative from the Motor Vehicle Department (MVD) testified that Molina's driver's license had been suspended since 2009. Molina was notified of the suspension by mail several times and he had since pled guilty to driving on a suspended license three times, most recently in March 2017. Molina's license remained suspended in June 2017.

¶6        A jury found Molina guilty as charged. The court found Molina had one prior historical felony conviction, sentenced him as a non-dangerous, repetitive offender to concurrent presumptive prison terms, the longest of which is four-and-a-half years and credited him with 87 days of presentence incarceration. This court has jurisdiction over Molina's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A) (2020).[2]

## DISCUSSION

¶7        This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *See Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999).

¶8        All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Molina was represented by counsel at all critical stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages). Molina was present for most of the proceedings but was tried in absentia. *See State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages); Ariz.

---

[2]Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

R. Crim. P. 9.1 (waiver of right to be present). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The court properly instructed the jury on the elements of the charged offenses, the State's burden of proof and Molina's presumption of innocence.

**¶9** At sentencing, Molina was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Although the record does not contain a presentence report, it is apparent the court ordered the report and considered it, as well as the mitigation information submitted by Molina, before pronouncing sentence. Under these circumstances, the absence of the presentence report in the appellate record does not amount to reversible error. *See State v. Maese*, 27 Ariz. App. 379, 380 (1976); Ariz. R. Crim. P. 26.4(c) (requiring the presentence report to be "delivered to the sentencing judge and to all counsel" but not filed). The sentences imposed were within the statutory limits. *See* A.R.S. § 13-703(B), (I).

## CONCLUSION

**¶10** Molina's convictions and sentences are affirmed. Upon the filing of this decision, defense counsel is directed to inform Molina of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Molina shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

4