NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

BENJAMIN FABIAN PITA,
*Appellant*.

No. 1 CA-CR 19-0528
FILED 9-10-2020

Appeal from the Superior Court in Yavapai County
No. V1300CR201880096
The Honorable Christopher L. Kottke, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

The Zickerman Law Office, PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

<hr>

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

<hr>

**M O R S E**, Judge:

¶1        Benjamin Pita appeals from his convictions and sentences for one count each of endangerment and criminal damage.  After searching the entire record, Pita's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error.  Pita was granted an opportunity to file a supplemental brief in propria persona but did not do so.  After reviewing the entire record, we find no error.  Accordingly, Pita's convictions and sentences are affirmed.

## FACTS AND PROCEDURAL BACKGROUND

¶2        On December 8, 2017, Brent E. drove his mother's Jeep from Camp Verde to Cottonwood with Chelsey L. and Pita, where the trio ran some errands.  On the return trip to Camp Verde, Chelsey and Pita were in the backseat when Brent was stabbed seven times from behind while driving fifty-five miles per hour.  After Brent was able to stop the vehicle, Pita took off.

¶3        Chelsey called 9-1-1, then helped Brent into the passenger seat and drove him back toward Cottonwood to meet emergency medical services because he "was bleeding bad."  By the time the police arrived, Brent and the Jeep were covered with blood.  A paramedic observed multiple one-inch puncture wounds on Brent's cheek, neck, wrist, and torso and Brent was flown to Flagstaff for treatment.  Both Brent and Chelsey identified Pita as the assailant.  The Jeep was a total loss.

¶4        Pita moved unsuccessfully for a judgment of acquittal, the jury convicted Pita of one count each of endangerment—a dangerous

offense—and criminal damage of less than $250.[1]   After an aggravation hearing, the jury found the State had proved beyond a reasonable doubt that the endangerment caused Chelsea to suffer physical, emotional or financial harm and was committed while Pita was released on parole for a felony offense.

¶5        The trial court found Pita had committed two non-dangerous historical felony offenses and sentenced him as a non-dangerous, repetitive offender to the presumptive term of 3.75 years' imprisonment for endangerment and 120 days' imprisonment for criminal damage.  The court also gave Pita credit for 425 days of presentence incarceration.  Pita timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A).

## DISCUSSION

¶6        Our review reveals no fundamental, prejudicial error.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").  Although the record does not contain a presentence report, the record reflects that the trial court ordered the report and considered it and other mitigation information submitted by Pita. Under these circumstances, the absence of the presentence report in the appellate record does not amount to fundamental error.  *See State v. Maese*, 27 Ariz. App. 379, 380 (1976); *see also* Ariz. R. Crim. P. 26.4(c) (requiring the presentence report to be "delivered to the sentencing judge and to all counsel" but not filed).

¶7        Under Arizona law, "[a] person commits endangerment by recklessly endangering another person with a substantial risk of imminent death or physical injury." A.R.S. § 13-1201(A).  "Endangerment involving a substantial risk of imminent death is a class 6 felony."  A.R.S. § 13-1201(B). "A person commits criminal damage by . . . [r]ecklessly defacing or damaging property of another person." A.R.S. § 13-1602(A)(1).  The offense is a class 2 misdemeanor if the damage is in an amount less than two hundred fifty dollars. A.R.S. § 13-1602(B)(6).  The record contains sufficient

---

[1]     The jury was unable to agree on a verdict for aggravated assault against Brent, and a mistrial was declared as to that count.  A jury acquitted Pita of the charge in a subsequent retrial.

[2]     Absent material changes from the relevant date, we cite the current version of rules and statutes.

evidence upon which a reasonable jury could determine beyond a reasonable doubt that Pita was guilty of these crimes.

¶8        All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Pita was present for and represented by counsel at all stages of the proceedings. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Pita's presumption of innocence. At sentencing, the trial court stated the evidence and materials it considered and the factors it found in imposing the sentences. Although the court did not specifically invite Pita to speak at sentencing, *see* Ariz. R. Crim. P. 26.10(b)(1), the error is not prejudicial where, as here, Pita did not ask to speak, and the court imposed the minimum possible sentence, *see* A.R.S. §§ 13-703(C), (J) (outlining the available sentences for a category three repetitive offender), -708(C) (prohibiting imposition of a sentence less than the presumptive when the defendant commits a felony offense while on parole for conviction of a prior felony offense); *State v. Hinchey*, 181 Ariz. 307, 313 (1995) (concluding the court's failure to invite the defendant to speak at sentencing did not require resentencing where the defendant did not ask to speak and failed to establish what he would have offered in mitigation that had not already been presented).

## CONCLUSION

¶9        Pita's convictions and sentences are affirmed.

¶10        Defense counsel's obligations pertaining to Pita's representation in this appeal have ended. Defense counsel need do no more than inform Pita of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶11** Pita has thirty days from the date of this decision to proceed, if he wishes, with an in propria persona petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Pita thirty days from the date of this decision to file an in propria persona motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED:   AA