NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHAWN PATRICK KYLE, *Appellant.*

No. 1 CA-CR 20-0531
FILED 6-23-2022

Appeal from the Superior Court in Yavapai County
No. V1300CR201680108
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Law Offices of Stephen L. Duncan PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

Shawn Patrick Kyle, Camp Verde
*Appellant*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Vice Chief Judge David B. Gass joined.

---

**P A T O N**, Judge:

**¶1**    In accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), Shawn Patrick Kyle appeals his conviction for resisting arrest.  Kyle's counsel searched the record and found no arguable, non-frivolous question of law. *See Anders*, 386 U.S. at 744. Kyle filed a supplemental brief.  We view the record in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Kyle. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).  After reviewing the record, we find no error and reject the arguments Kyle raised in his supplemental brief.  We affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**    In February 2016, a joint taskforce of Cottonwood police officers, Partners Against Narcotic Trafficking (PANT) and Gang and Immigration Intelligence Team Enforcement (GIITEM) executed an arrest warrant on Kyle.  Taskforce officers followed Kyle into a parking lot and surrounded his vehicle.  Kyle locked himself in the car, ignoring law enforcement's orders to exit, and picked up an axe.  Officers tried unsuccessfully to draw Kyle out of the car by tasing him three times and sending in a K-9 dog, which Kyle struck with the axe.

**¶3**    When Kyle eventually exited the vehicle, he ignored commands from law enforcement, and "continued to struggle, trying to put his hands underneath him and not giving officers control of his arms or hands to allow him to be handcuffed."  Officers eventually arrested and searched Kyle and found baggies or bindles of methamphetamine in his pocket.

**¶4**    The grand jury indicted Kyle on four counts of aggravated assault (counts 1-4), one count of resisting arrest (count 5), one count of possession of a dangerous drug (count 6-methamphetamine), and one count of possession of drug paraphernalia (count 7-methamphetamine).

¶5        After the State rested, the court dismissed counts 2 and 3 on Kyle's motion for judgment of acquittal. *See* Ariz. R. Crim. P. 20(a)(1).  The jury acquitted Kyle on counts 1, 4, 6, and 7, and convicted him of count 5 (resisting arrest).

¶6        The jury found two aggravators: (1) use of a deadly weapon or dangerous instrument, and (2) Kyle committed the charged offense while released on bond in another case.[1]   The court sentenced Kyle to the minimum term of five years in prison (three years for the offense plus two years because he was on release when he committed the offense), to run consecutively to his sentence in the 2014 case.  The court correctly awarded Kyle zero days of presentence incarceration credit. *See State v. Whitney*, 159 Ariz. 476, 487 (1989) (if a defendant is held in custody on two matters for which consecutive sentences are ordered, the defendant may not receive "double credit" toward both sentences).

¶7        Kyle timely appealed.   We have jurisdiction pursuant to Article 6, § 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4033(A)(1).

### DISCUSSION

¶8        The record contains sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Kyle was guilty of resisting arrest.   The record also reflects that (1) all proceedings were conducted in compliance with Arizona Rules of Criminal Procedure, (2) Kyle was represented by counsel at all stages of the proceeding, and (3) Kyle was present at all critical stages. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *see State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages).

¶9        The jury was made up of twelve properly instructed jurors. *See* A.R.S. § 21-102(A).  Kyle waived his right to a presentence report. *See State v. Garcia*, 112 Ariz. 363, 364-65 (1975).  Kyle spoke during sentencing and the court stated the factors it considered before imposing a sentence within the statutory limit.   A.R.S. § 13-703; *see also* Ariz. R. Crim. P. 26.10(b)(1) (defendant's right to address the court at sentencing).

¶10        Kyle argues that "this entire case should have been deemed inadmissible as fruit of a poisonous tree . . . due to the sheer amount of nefarious and often illegal acts committed by the arresting agencies."  He

---

[1] Kyle was arrested in this case while released on bond in an unrelated 2014 case.  In 2019, Kyle was tried and convicted in the 2014 case.

broadly argues that the investigation against him was driven by one officer's desire for "vengeance." These arguments are essentially an invitation to reweigh the evidence, which this court will not do. *See Guerra*, 161 Ariz. at 293.

**¶11** Kyle also raises several claims relating to the dangerous drug charges, of which the jury acquitted him. Those charges are not the subject of this appeal and we will not address them.

## CONCLUSION

**¶12** We have reviewed the entire record for arguable issues of law and find none. We thus affirm Kyle's conviction and sentence. *See Leon,* 104 Ariz. at 300-01.

**¶13** Defense counsel's obligations pertaining to Kyle's representation in this appeal have ended. Counsel must only inform Kyle of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Kyle will have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA